The STATE of Ohio, Appellee,

v.

BIRD, Appellant.

[Cite as *State v. Bird* (2000), 138 Ohio App.3d 400.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–823.

Decided June 1, 2000.

*Ron O'Brien,* Franklin County Prosecuting Attorney, and *Steven L. Taylor,* Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker,* Ohio Public Defender, and *Siobhan R. O'Keeffe,* Assistant Public Defender, for appellant.

LAZARUS, Judge.

Defendant-appellant, Jimmy Lee Bird, appeals the June 16, 1998 decision and entry of the Franklin County Court of Common Pleas dismissing his petition for postconviction relief as untimely under authority of this court's decision in *State v. Price* (Sept. 29, 1998), Franklin App. No. 98AP–80, unreported, 1998 WL 680964. Appellant contends that the decision in *Price* was legally flawed and, as such, should not be applied in this case. We disagree and affirm the decision of the trial court.

On January 7, 1994, appellant pleaded no contest to one count of felonious assault. The trial court sentenced appellant to an indefinite three-to-fifteen-year term of imprisonment. Appellant did not timely appeal this conviction.

On April 23, 1996, appellant filed a motion with this court for leave to file a delayed appeal of his 1994 conviction. This court granted appellant's motion, and a transcript of the original plea hearing was filed in this court on August 19, 1996. Thereafter, this court affirmed appellant's conviction in *State v. Bird* (Dec. 31, 1996), Franklin App. No. 96APA04–505, unreported, 1996 WL 751467, affirmed (1998), 81 Ohio St.3d 582, 692 N.E.2d 1013.

On December 17, 1996, appellant filed his petition for postconviction relief and, on January 11, 1999, filed a motion for leave to file an amended petition. On June 17, 1999, relying on this court's *Price* decision, the trial court dismissed appellant's petition as untimely. Having found that it lacked jurisdiction over appellant's untimely petition, the trial court determined that appellant's motion to amend the petition was moot. It is from this decision and entry that appellant appeals, raising the following two assignments of error:

"I. The trial court erred in dismissing Mr. Bird's postconviction petition as untimely filed because it relied upon an erroneous interpretation of R.C. 2953.21(A)(2).

"II. Mr. Bird's postconviction petition warranted an evidentiary hearing because it stated substantive grounds for relief, which were not contradicted by the record."

In his first assignment of error, appellant contends that the trial court erred in determining that his petition for postconviction relief was untimely filed. We disagree.

Through S.B. No. 4 (effective September 21, 1995), the 121st General Assembly amended R.C. 2953.21, the statute governing petitions for postconviction relief, to add, *inter alia,* a period of limitations within which a person must bring such petitions. In particular, S.B. No. 4 added division (A)(2), providing as follows:

"(2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

In addition, the legislature, in an uncodified section of S.B. No. 4, included a separate (and more generous) limitations period for persons convicted prior to the effective date of the Act. In particular, Section 3 of S.B. No. 4 provided that

such persons "shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later." Because appellant was convicted before the effective date of S.B. No. 4, the timeliness of his petition is governed by Section 3 of S.B. No. 4.

Appellant concedes that his petition was untimely under the one-year grace period provided under Section 3. He contends, however, that his petition was timely under the language of R.C. 2953.21(A)(2), in that it was filed within one hundred eighty days after the transcript was filed in his delayed appeal. The trial court found, however, that appellant's interpretation of R.C. 2953.21(A)(2) was untenable given this court's decision in *Price*. In *Price*, a panel of this court held that, when a person fails to file a timely appeal as of right, the one-hundred-eighty-day filing period contained in R.C. 2953.21(A)(2) begins to run upon the expiration of the thirty-day period for filing a timely appeal as of right as provided in App.R. 4(A). In other words, the running of the one-hundred-eighty-day filing deadline is not indefinitely delayed until the filing of a transcript in a delayed appeal. According to *Price*, to hold otherwise would nullify the obvious legislative intent of S.B. No. 4 to place time limitations on bringing postconviction petitions.

Appellant contends that, under the guise of statutory construction, the *Price* court misconstrued the plain language of R.C. 2953.21(A)(2), *i.e.*, that the court substituted the clear and unambiguous language of the statute with its view of legislative intent. In addition, appellant contends that the interpretation of R.C. 2953.21(A)(2), adopted in *Price*, must be abandoned because it violates appellant's due process and equal protection rights under the federal and state Constitutions. We disagree with all of appellant's contentions.

First, while we are not bound by this court's prior unreported opinion in *Price*, we are required to give it persuasive weight. See S.Ct.R.Rep.Op. 2(G)(1) and (2). Moreover, two other courts of appeals have since followed *Price* and have specifically held that a delayed appeal does not postpone the running of the limitations period contained in R.C. 2953.21(A)(2). See *State v. Fields*, 136 Ohio App.3d 393, 736 N.E.2d 933 (1999); *State v. Johnson* (Apr. 21, 1999), Muskingum App. No. CT98-0029, unreported, 1999 WL 254456. Appellant has cited no case holding to the contrary, and our independent research has revealed none.

Second, appellant's statutory construction argument is not compelling. Appellant argues that the plain language of R.C. 2953.21(A)(2) provides that a petition for postconviction relief may be filed within one hundred eighty days of the filing of the transcript in the *direct appeal*. Thus, since a *delayed appeal* is a *direct appeal*, albeit a delayed one, appellant had until February 17, 1997 (one hundred eighty days from the filing of the transcript in his *delayed* appeal), to file his

petition under the statute. In support, appellant highlights language from cases, including those from the Ohio Supreme Court and this court, that indicates that a delayed appeal is a "direct appeal." See, *e.g., State v. Ishmail* (1981), 67 Ohio St.2d 16, 21 O.O.3d 10, 423 N.E.2d 1068 ("[n]o direct appeal was taken, either as a matter of right or as a delayed appeal"); *State v. Brown* (Sept. 15, 1998), Franklin App. No. 97APA10–1396, unreported, 1998 WL 634943 ("[m]oreover, defendant could have filed a motion for delayed appeal pursuant to App.R. 5 if he wished to have the guilty plea reviewed on direct appeal"); *State v. Hubbard* (Nov. 7, 1989), Franklin App. No. 89AP–1000, unreported, 1989 WL 133451("[i]n any event, a direct appeal, whether timely or delayed").

The term "direct appeal," however, does not universally include delayed appeals. Rather, language in some cases specifically limits the term to include only those appeals taken as of right and/or otherwise distinguishes between direct appeals and delayed appeals. See, *e.g., State v. Gillard* (1999), 85 Ohio St.3d 363, 365, 708 N.E.2d 708, 709–710 ("Gillard was not denied the effective assistance of counsel on his first appeal *as of right–i.e.,* his *direct appeal* to the court of appeals in 1987" [emphasis added] ); *State v. Sims* (1971), 27 Ohio St.2d 79, 56 O.O.2d 45, 272 N.E.2d 87, syllabus ("[i]n the absence of evidence in the record upon which it could be determined that an indigent convicted defendant knowingly and intelligently waived his right of *direct appeal* and his right to court-appointed counsel for *direct appeal* prior to the *expiration of the time in which such an appeal could be taken* " [emphasis added] ); *State ex rel. Carter v. Ohio Adult Parole Auth.* (Oct. 12, 1999), Franklin App. No. 99AP–235, unreported, 1999 WL 808866 ("[a]s respondent notes, several alternate legal remedies are available to challenge the validity of relator's guilty plea, including a *direct appeal,* a *delayed appeal,* or a motion to withdraw the guilty plea"); *State v. Spillman* (Jan. 18, 2000), Highland App. No. 99CA13, unreported, 2000 WL 49056 ("appellant should have raised the issue in his *direct appeal,* in a *delayed appeal,* or in a petition for post-conviction relief"). As such, the use of the term "direct appeal" in R.C. 2953.21(A)(2) does not necessarily include delayed appeals. Given the ambiguous nature of the term "direct appeal," it was not improper for this court to interpret the statute based upon the legislative intent of S.B. No. 4. Simply put, this court's interpretation of R.C. 2953.21(A)(2) in *Price* does not contradict the statute's plain language.

■ Third, we reject appellant's contention that the interpretation of R.C. 2953.21(A)(2), adopted in *Price,* must be abandoned because it violates appellant's due process rights. Appellant argues that those who file delayed appeals are denied a meaningful opportunity to raise postconviction claims in that the limitations period is generally over before they can begin to prepare their petition. According to appellant, transcripts of the trial court proceedings are

critical tools in preparing a postconviction petition, and defendants generally do not have access to transcripts until after an appeal is filed, whether delayed or otherwise. Appellant's due process argument is not persuasive.

Under *Price*, defendants who file a delayed appeal are treated the same as defendants who file no appeal at all; both are given two hundred ten days from the date of conviction to bring a petition, one hundred eighty days plus the original thirty-day appeal period. Further, while those who filed delayed appeals may have, and had trial transcripts filed before the expiration of the two-hundred-ten-day limitation period, no such possibility even exists as to those who have filed no appeal. Yet, appellant does not even suggest that the statutory limitation period as applied to those who file no appeal implicates due process concerns. In fact, under appellant's proposed interpretation of R.C. 2953.21(A)(2), petitions brought after two hundred ten days by defendants who have never appealed would be dismissed properly as untimely. Thus, this court's interpretation of R.C. 2953.21(A)(2) implicates no more due process concerns than that which would exist in appellant's proposed alternative interpretation.

 Further, appellant's argument assumes that defendants who file delayed appeals are somehow precluded from obtaining trial transcripts before the time for filing a petition for postconviction relief expires. Except in the cases of indigency, nothing prevents a defendant who has failed to file a timely appeal from otherwise ordering a trial transcript within time to prepare a petition for postconviction relief. Thus, the true nature of appellant's argument is that defendants who do not have a transcript available at state expense through a timely appeal (*i.e.*, indigent defendants) are placed at a considerable disadvantage in preparing a postconviction petition. However, due process does not entitle indigent defendants to a transcript at state expense prior to the filing of a petition for postconviction relief. See *State ex rel. Murr v. Thierry* (1987), 34 Ohio St.3d 45, 517 N.E.2d 226; *Burnside v. Mahoning Cty. Common Pleas Court* (Nov. 19, 1998), Mahoning App. No. 97CA12, unreported, 1998 WL 811349; *State v. Jones* (Dec. 19, 1996), Pickaway App. No. 96CA19, unreported, 1996 WL 732454. Given that due process does not require that appellant be given a trial transcript to prepare a postconviction relief petition, due process does not require that the limitations period for bringing such a petition be delayed until after a transcript was actually provided to appellant in his delayed appeal.

 Finally, we reject appellant's contention that this court's interpretation of R.C. 2953.21(A)(2) must be abandoned because it implicates equal protection concerns. As recently noted by the Ohio Supreme Court, the standard for determining violations of equal protection is essentially the same under state and federal law. *Fabrey v. McDonald Police Dept.* (1994), 70 Ohio St.3d 351, 353, 639 N.E.2d 31, 33–34. "Where neither a fundamental right nor a suspect class is

involved, a legislative classification passes muster if the state can show a rational basis for the unequal treatment of different groups." On the other hand, if the discrimination infringes upon a fundamental right, it becomes the subject of strict judicial scrutiny and will be upheld only upon a showing that it is justified by a compelling state interest. *Beatty v. Akron City Hosp.* (1981), 67 Ohio St.2d 483, 492, 21 O.O.3d 302, 307–308, 424 N.E.2d 586, 592–593.

According to appellant, this court's interpretation of R.C. 2953.21(A)(2) denies those who file delayed appeals an opportunity to present postconviction claims and that this denial affects the fundamental right of access to the courts without a compelling state reason. Appellant further argues that, even if no fundamental right is implicated, there is no rational basis to treat those who file delayed appeals differently from those who timely appeal. We disagree.

■ This court's interpretation of R.C. 2953.21(A)(2) does not deny those who file delayed appeals the opportunity to file petitions for postconviction relief; it merely recognizes the legislature's decision to limit the time period for doing so. More importantly, even if "access to the courts" is generally speaking a fundamental right, there is no fundamental right to bring the specific action at issue here, a state petition for postconviction relief. See *State v. Steffen* (1994), 70 Ohio St.3d 399, 410, 639 N.E.2d 67, 75–76 (citing *Murray v. Giarratano* [1989], 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1; and *Pennsylvania v. Finley* [1987], 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539). Thus, the disparate treatment between those who file delayed appeals and those who file timely appeals passes equal protection scrutiny if any rational reason can support it.

Here, the state presents two basic reasons for the distinction. First, the legislature could have reasonably decided that those who timely appeal would need additional time to prepare their postconviction petitions in addition to preparing appellate briefs and appellate arguments. Second, the legislature, recognizing that the availability of a transcript is helpful to prepare a proper petition for postconviction relief, could have reasonably decided that beginning the limitations period after the filing of the transcript in a timely appeal was a reasonable allowance, especially given the limited additional time this would consume. However, given the necessity of setting a specific deadline for all defendants, waiting to begin the running of the limitations period until the filing of the transcript in a delayed appeal was not tolerable.

While appellant contends that these reasons are "unremarkable," they are clearly sufficient to satisfy the rational-basis test applicable here. See *Boron v. Brooks Beverage Mgt., Inc.* (June 30, 1999), Franklin App. No. 98AP–902, unreported (noting that rational-basis scrutiny is the paradigm of judicial restraint and that challenged provision will comply with the test as long as there is

a plausible reason to support it). As such, we find no equal protection violation with this court's interpretation of R.C. 2953.21(A)(2).

In sum, we find that the trial court correctly applied this court's decision in *Price* and that the trial court correctly ruled that appellant's petition for postconviction relief was filed untimely. Appellant's first assignment of error is not well taken and is overruled.

In his second assignment of error, appellant contends that the trial court erred in not holding an evidentiary hearing on his petition for postconviction relief. A trial court may not entertain a petition filed after the expiration of the limitation period established by R.C. 2953.21(A)(2) unless certain exceptions, inapplicable here, apply. R.C. 2953.23(A). Given our disposition of appellant's first assignment of error, the trial court lacked jurisdiction to entertain appellant's petition and correctly ruled as such. Therefore, appellant was not entitled to a hearing. Appellant's second assignment of error is not well taken and is overruled.

For the foregoing reasons, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

KENNEDY and PEGGY BRYANT, JJ., concur.