The STATE of Ohio, Appellee,

v.

JOHNSON, Appellant.

[Cite as *State v. Johnson* (2001), 144 Ohio App.3d 222.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 00 CO 64.

Decided June 14, 2001.

*Robert Herron,* Columbiana County Prosecuting Attorney, and *Tammy Riley Jones,* Assistant Prosecuting Attorney, for appellee.

*Richard Parry* and *Thomas Brock,* for appellant.

VUKOVICH, Presiding Judge.

Defendant-appellant Paul D. Johnson appeals the decision of the Columbiana County Common Pleas Court that denied his motion for postconviction relief. For the following reasons, the judgment of the trial court is affirmed.

## STATEMENT OF THE CASE

Appellant was arrested for an armed robbery that occurred at a gas station in Kensington, Ohio, in January 1998. Subsequently, he was indicted for aggravated robbery, three counts of abduction, and three firearm specifications.

On September 16, 1998, appellant entered into a plea agreement with the state whereby he pled guilty as charged and the state recommended seven years on the aggravated robbery charge, three years on each of the abduction charges to run concurrently with each other and with the robbery charge, and three years on a firearm specification to run consecutively to the robbery charge, for a total

of ten years in prison. The court sentenced appellant according to the state's recommendation on September 30, 1998.

On January 3, 2000, appellant filed a motion for leave to file a delayed appeal, which this court sustained. Thereafter, this court affirmed appellant's conviction in *State v. Johnson* (Dec. 6, 2000), Columbiana App. No. 00CO01, unreported, 2000 WL 1809030. Meanwhile, on September 18, 2000, appellant filed a petition for postconviction relief. The trial court denied the petition on October 17, 2000, stating that a hearing was not required, as appellant failed to allege substantive grounds for relief, and suggesting that some grounds were barred by the doctrine of *res judicata*. Appellant filed the within appeal.

## ASSIGNMENTS OF ERROR

Appellant sets forth two assignments of error that contend that the court erred in denying his motion for relief and his motion for an evidentiary hearing. Under his first assignment, he alleges that his counsel represented conflicting interests by representing his accomplice and negotiating a more favorable plea agreement.[1] He also sets forth other issues in this assignment such as an allegation that he "was being told" that the maximum sentence was thirty-four years rather than the actual maximum of twenty-eight years.[2] Additionally, he complains that his counsel did not object to sentencing on allied offenses of similar import.[3]

Appellant's second assignment of error contends that he is entitled to a new bindover hearing because false testimony was presented at the prior hearing. He claims that his probation officer falsely stated that he failed drug tests while on probation. The day after the court denied postconviction relief, appellant submitted affidavits from himself and his mother which state that he did not fail any drug tests.[4]

---

1. This issue was raised in appellant's motion to file a delayed appeal, but it was not raised in his appellate brief on delayed appeal.

2. Prior to accepting his plea, the court informed appellant that the maximum sentence was twenty-eight years. Although the state subsequently misstated the maximum sentence as thirty-four years at the sentencing hearing, appellant had already pled guilty.

3. This issue was raised and addressed by this court in the delayed appeal.

4. Once again, appellant raised this issue in his motion to file a delayed appeal but did not mention it in his appellate brief on delayed appeal, presumably because it partially entailed evidence outside the record. Moreover, two psychologists evaluated appellant, and their reports were submitted as exhibits at the bindover hearing. One psychologist stated that appellant admitted to drug experimentation, and the other stated that appellant readily admitted to considerable use of cannabis up until early 1998. Appellant put on no evidence at the bindover hearing to contradict the statements of his admitted drug use or the probation officer's statement that appellant tested positive for THC.

## TIMELINESS OF POSTCONVICTION RELIEF PETITION

■ Pursuant to R.C. 2953.21(A)(2), a defendant who appeals his conviction must file his postconviction relief petition within one hundred eighty days from the date on which the trial transcript is filed in the appellate court on the direct appeal. If no appeal is filed, the postconviction relief petition must be filed within one hundred eighty days after the expiration of the time for the direct appeal.

In this case, appellant did not file a timely direct appeal. Rather, he filed a delayed appeal. The issue thus becomes whether the allowance of a delayed appeal extends the time for filing a petition for postconviction relief, *i.e.*, does the filing of the trial transcript in the delayed appeal start the one-hundred-eighty-day time limit running or did the time limit begin running after the time for filing the direct appeal expired. The Fifth, Eighth, and Tenth Appellate Districts have held that a delayed appeal does not extend the time for filing a petition for postconviction relief. Our research has revealed no districts that hold differently.

In *State v. Price* (Sept. 29, 1998), Franklin App. No. 98AP–80, unreported, 1998 WL 680964, the Tenth District first addressed the issue by stating that extending the time for filing a postconviction relief petition based upon a delayed appeal would nullify the obvious intent of the General Assembly to place time limits on these petitions. The court also noted that it was unreasonable to give a defendant who neglects to timely file a direct appeal more time for filing his postconviction relief petition than a defendant who timely files his direct appeal. *Id.* at 3. See, also, *State v. Bird* (2000), 138 Ohio App.3d 400, 403–404, 741 N.E.2d 560, 561–562 (reaffirming that a delayed appeal is different from the "direct appeal" contemplated in the postconviction relief statute and thus does not extend the time for filing a postconviction relief petition).

The Fifth District agreed that time for filing a petition for postconviction relief does not begin to run from the time the trial transcript is filed in the delayed appeal but rather it begins to run when the time for filing a timely direct appeal expires. *State v. Johnson* (Apr. 21, 1999), Muskingum App. No. CT–98–29, unreported, 1999 WL 254456. See, also, *State v. Godfrey* (Feb. 28, 2000), Licking App. No. 99CA95, unreported, at 3, 2000 WL 329802 (where the Fifth District used the reasoning in *Price* for concluding that a reopened appeal does not extend the time limit for filing for postconviction relief). Finally, the Eighth District favorably cited *Price* and *Johnson* and similarly concluded that the filing of the transcript for the delayed appeal does not affect the time for filing a petition for postconviction relief. *State v. Fields* (1999), 136 Ohio App.3d 393, 396–397, 736 N.E.2d 933, 934–936.

We agree with the holdings of the aforementioned districts. Appellant was required to file his petition for postconviction relief within one hundred eighty days from when the time for filing his direct appeal expired. He was sentenced

on September 30, 1998. The time for filing a direct appeal expired thirty days later. Appellant filed his petition for postconviction relief on September 18, 2000, well outside the one-hundred-eighty-day time limit. Accordingly, the trial court lacked jurisdiction to entertain the petition unless certain circumstances existed.

## GROUNDS FOR UNTIMELY POSTCONVICTION RELIEF PETITION

 Pursuant to R.C. 2953.23(A)(1)(a) and (b), a court may not consider an untimely filed petition for postconviction relief unless the petitioner shows that he was unavoidably prevented from discovering the facts upon which his petition is based or the United States Supreme Court has recognized a new retroactive right. If the petitioner can show one of these two threshold requirements, the petitioner must then demonstrate by clear and convincing evidence that a reasonable trier of fact would not have convicted him but for constitutional error. R.C. 2953.23(A)(2). Appellant's petition makes no allegation that he was unavoidably prevented from discovering the facts upon which his petition is based, nor does he argue that the Supreme Court recognized some new right applicable here. Because appellant failed to meet either of the alternate threshold requirements, the trial court was without jurisdiction to consider his petition. See, *e.g.*, *State v. Springs* (Mar. 11, 1999), Mahoning App. No. 97CA68, unreported, at 2, 1999 WL 148369; *State v. Parks* (Sept. 15, 1998), Jefferson App. No. 96JE47, unreported, at 2–3, 1998 WL 635860.

For the foregoing reasons, the judgment of the trial court denying appellant's petition for postconviction relief is hereby affirmed.

*Judgment affirmed.*

WAITE and DEGENARO, JJ., concur.