JOURNAL ENTRY and OPINION
Defendant-appellant Michael J. Cobb, proceeding pro se, appeals from the trial court order that denied his petition for post-conviction relief.
In his three assignments of error, appellant asserts the trial court improperly dismissed his petition without a hearing. Appellant argues the record does not support the trial court's finding that his petition was untimely filed. Appellant further argues he presented sufficient evidence to demonstrate the existence of substantive grounds for relief.
This court has considered the record in light of appellant's arguments and finds the trial court correctly determined appellant's petition was untimely. Its order, therefore, is affirmed.
Appellant originally was indicted in this case on August 27, 1997, with his father; the five count indictment charged the men with three counts of aggravated murder, each containing two felony murder specifications and one firearm specification, one count of kidnapping with a firearm specification, and one count of aggravated robbery with a firearm specification. Appellant entered pleas of not guilty to the charges and was assigned counsel to represent him.
A lengthy discovery process ensued. Counsel filed the requisite motions necessary in a death-penalty case, including on September 15, 1997, a motion for the appointment of a psychologist to act as a defense expert. Counsel asserted that, should the prosecution of appellant be successful, the proposed witness, Dr. Rita Politzer, would "assist [Appellant] in the presentation of evidence in support of mitigating factors" during the sentencing phase of the proceedings. On September 30, 1997, the trial court acceded to this request.
On January 27, 1998, a few days prior to the date eventually set for appellant's trial, appellant instead entered into a plea agreement with the state. In exchange for the state's amendment of the indictment and dismissal of counts two through four, appellant entered a plea of guilty to one count of murder with a firearm specification and one count of robbery. The trial court accepted appellant's plea and immediately proceeded to sentencing. Appellant was sentenced to a term of incarceration of three years for the firearm specification to be served prior to and consecutive with concurrent terms of fifteen years to life on the murder conviction and five years on the robbery conviction. The trial court filed this order of sentence on February 2, 1998.
On September 15, 1999, approximately a year and a half later, appellant sought a delayed appeal of his convictions. This court granted appellant's motion on October 18, 1999, and ordered the record of appellant's case to be filed by December 3, 1999. The docket sheet, however, indicates the trial court already had forwarded appellant's case file to this court on September 27, 1999. Subsequently, appellant's appeal was dismissed for his failure to file a praecipe pursuant to Loc.App.R. 9(B).
On December 9, 1999, appellant filed a motion seeking reinstatement of his appeal. On December 20, 1999, this court granted his motion. Once again, the order set a date for the filing of the record of appellant's case.[1]
On July 18, 2000, while his delayed appeal was pending, appellant filed in the trial court a petition for post-conviction relief. Appellant claimed therein he had been denied the effective assistance of trial counsel during the plea negotiations. Appellant asserted counsel had "taken advantage of" him to induce him into entering a plea after discovering from a review of the psychological report prepared by Dr. Politzer that appellant had "mental problems." In an amended petition, appellant further asserted after reviewing the report, rather than advising him to enter a plea, counsel should have raised the issue of appellant's competency to the trial court.
Appellant attached to his petition his affidavit. Appellant averred he had asked his trial attorneys for "assistance regarding [his] mental condition" and they had told him "the only way [he] could get some help . . . was to accept the plea * * *."
Appellant also attached a document that purported to be Dr. Politzer's report.[2] Dated January 15, 1998, it indicated in pertinent part it had been prepared only for purposes of evaluating appellant's mental condition for mitigating factors to be considered.
The state responded to appellant's petition with a combined motion to dismiss and motion for summary judgment. The state argued appellant's petition was untimely, inadequately supported, and unsubstantiated.
Appellant subsequently filed a reply; he attached to it several documents intended to support additional assertions appellant made therein.[3] Appellant asserted the appellate record of his case had not been filed until "January 14, 2000." Appellant also asserted he had mailed his petition on July 13, 2000.
In State v. Cobb (Mar.8, 2001) Cuyahoga App. No. 76950, unreported, this court ultimately affirmed appellant's convictions. Appellant's argument the trial court had failed to comply with the requirements of Crim.R.11 in accepting his plea, was rejected. Appellant's additional pro se argument, viz., that trial counsel were ineffective during the plea proceedings for their failures both to raise the issue of "provocation" and to discuss with him "the nature of the charges," also was rejected.
Subsequently, on August 29, 2001, the trial court dismissed appellant's petition for post-conviction relief. In its findings of fact and conclusions of law, the trial court determined appellant's petition was inadequately supported and also untimely. The trial court further determined appellant's claim was barred by the doctrine of res judicata.
Appellant has filed a timely appeal from the foregoing order. He presents the following three assignments of error:
 THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANT'S PETITION FOR POST-CONVICTION RELIEF AS UNTIMELY.
 TRIAL COURT ERRED AND COMMITED (SIC) REVERSABLE (SIC) ERROR WHEN IT DISMISSED APPELLANT'S PETITION FOR POST-CONVICTION RELIEF PURSUANT TO 2953.21 WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING TO DETERMINE IF THE APPELLANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENTS RIGHTS UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 TRIAL COURT ERRED AND COMMITED (SIC) REVERSABLE (SIC) ERROR WHEN IT BARED (SIC) APPELLANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL RES JUDICATA.
Appellant argues the trial court's decision to dismiss his petition without a hearing was improper. He contends the record does not support the conclusion his petition was either untimely or unsupported. This court disagrees.
R.C. 2953.21 states in pertinent part:
§ 2953.21 Petition for postconviction relief.
 (A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 (2) A Petition under division(A)(1)of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
(Emphasis added.)
The language of the final sentence contained in R.C. 2953.21
(A)(2) has been interpreted to include those delayed appeals permitted pursuant to App.R. 5(A). State v. Johnson (2001), 144 Ohio App.3d 222
[appeal dismissed (2001), 93 Ohio St.3d 1446] ; State v. Bird (2000),138 Ohio App.3d 400[discretionary appeal not allowed, (2001)90 Ohio St.3d 1427]; State v. Fields (1999), 136 Ohio App.3d 393; Statev. Johnson (Apr. 21, 1999), Muskingum App. No. CT98-0029, unreported.
As this court in Fields, supra, observed:
 Were we to accept the proposition that a delayed appeal could stall the time limits contained in the statute, this would have the net effect of providing no time limit at all for filing petitions.
Appellant's sentence in this case was journalized on February 2, 1998. Pursuant to App.R.4(A), appellant had until March 4, 1998 to file his direct appeal. Since he did not do so, R.C. 2953.21(A)(2) permitted him an additional one hundred and eighty days to file his petition. The record demonstrates, however, appellant waited nearly two years. Under these circumstances, the trial court correctly concluded appellant's petition was untimely.
Moreover, given this conclusion, the trial court lacked jurisdiction to entertain appellant's petition. Hence, its decisions with respect to the merits of appellant's claim of ineffective assistance of counsel are moot. State v. Miller (Apr. 6, 2000), Cuyahoga App. No. 75762, unreported; State v. Johnson, supra.
For the foregoing reasons, appellant's assignments of error are overruled.
The trial court's order of dismissal is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and PATRICIA ANN BLACKMON, J., CONCUR.
[1] However, there is no indication that in the interim the record had been returned to the trial court.
[2] The document was neither verified nor authenticated.
[3] See footnote 2.