DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common Pleas which denied the petition for postconviction relief filed by appellant, Maximino Macias, as being untimely filed. Appellant appeals the judgment of the trial court and raises the following assignments of error:
 {¶ 2} "First Assignment of Error
 {¶ 3} "The trial court erred in dismissing Mr. Macias' postconviction petition as untimely filed because it relied upon an erroneous interpretation of R.C. 2953.21(A)(2).
 {¶ 4} "Second Assignment of Error:
 {¶ 5} "The trial court violated Mr. Macias' rights to due process and equal protection under the state and federal constitutions when it erred in not applying the doctrine of equitable tolling to Mr. Macias' postconviction petition."
 {¶ 6} Appellant was convicted of rape and sentenced on June 10, 1999. Appellant did not file a direct appeal, but was granted leave by this court to file a delayed appeal on November 18, 1999. Appellant filed his petition for postconviction relief on June 19, 2000. The trial court denied appellant's petition as being untimely filed. Appellant argues on appeal that he filed his petition for postconviction relief within 180 days from the filing of the transcript in his delayed appeal and, as such, his petition was timely filed. We disagree.
 {¶ 7} Pursuant to R.C. 2953.23(A), a court may not entertain a petition for postconviction relief that was filed after the expiration of the period prescribed in R.C. 2953.21(A), unless certain exceptions exist, which do not apply in this case. R.C. 2953.21(A)(2) states that a petition for postconviction relief shall be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. "If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C.2953.21(A)(2).
 {¶ 8} Other jurisdictions have consistently held that an allowance of a delayed appeal does not extend the time for filing a petition for postconviction relief. State v. Johnson (2001), 144 Ohio App.3d 222, 225;State v. Bird (2000), 138 Ohio App.3d 400, 403-404; State v. Fields
(1999), 136 Ohio App.3d 393, 396; State v. Johnson (April. 21, 1999), Muskingum App. No. CT98-0029; State v. Price (September. 29, 1998), Franklin App. No. 98-AP-80. We concur with the rationale in these jurisdictions and reject appellant's argument that these cases misinterpreted R.C. 2953.21(A)(2).
 {¶ 9} Appellant also argues that the trial court denied him the constitutional rights to due process and equal protection by erroneously construing R.C. 2953.21(A)(2) and by not applying the doctrine of equitable tolling. We disagree.
 {¶ 10} The right to file a petition for postconviction relief is a statutory right, not a constitutional right. State v. Yarbrough (April. 30, 2001), Shelby App. No. 17-2000-10. Additionally, "a postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." State v. Calhoun (1999),86 Ohio St.3d 279, 281. As such, "a petitioner receives no more rights than those granted by the statute." Id. As discussed above, appellant's petition was untimely filed and the trial court was without authority to entertain it. See R.C. 2953.23(A).
 {¶ 11} Accordingly, we find appellant's first and second assignments of error to be not well-taken. The decision of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Mark L.Pietrykowski, J., CONCUR.