OPINION
{¶ 1} Appellant James C. Hanning appeals the denial of his petition for postconviction relief in the Perry County Court of Common Pleas. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On October 25, 2000, the Perry Grand Jury indicted appellant with one count of attempted burglary, in violation of R.C. 2923.02(A) and2911.12(A)(2); one count of burglary, in violation of R.C. 2911.12(A)(2); and theft of a firearm, in violation of R.C. 2913.02(A)(1). The indictment alleged the first count took place on October 2, 2000, and the second and third counts were alleged to have occurred on September 18, 2000.
 {¶ 3} The matter proceeded to a jury trial on February 12, 2001. At the conclusion of the evidence, the jury returned verdicts of guilty on all three counts and the matter was continued for sentencing. On March 26, 2001, the trial court sentenced appellant to serve a term of three years for count one, four years for count two, and fifteen months for count three. The trial court ordered the sentences to be served consecutively. Appellant thereafter filed a pro se notice of appeal from his conviction and sentence. Subsequently, the trial court appointed appellate counsel to represent appellant. No brief was ever filed on appellant's behalf, and the record was transmitted without the trial transcript. On July 27, 2001, this Court dismissed appellant's direct appeal for want of prosecution.
 {¶ 4} On October 12, 2001, appellant filed an application for reopening the appeal of his March 26, 2001 conviction and sentence. Upon review, we affirmed the decision of the trial court. See State v.Hanning, Perry App. No. 01CA8, 2002-Ohio-6342.
 {¶ 5} While the above appeal was pending, appellant filed a petition for postconviction relief on June 12, 2002. The petition alleged ineffective assistance of trial counsel, claiming that appellant's trial counsel conceded guilt on one of the charges without the consent of appellant. On June 20, 2002, the State filed a reply to the petition. On June 24, 2002, the trial court issued a judgment entry denying appellant's petition for postconviction relief.
 {¶ 6} Appellant timely appealed, and herein raises the following sole Assignment of Error:
 {¶ 7} "THE TRIAL COURT ERRED IN DENYING MR. HANNING'S PETITION FOR STATE POST-CONVICTION RELIEF, BECAUSE MR. HANNING ESTABLISHED THAT HE WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, BASED ON TRIAL COUNSEL'S CONCESSION OF GUILT DURING THE CLOSING ARGUMENT OF THE TRIAL, WHICH CONCESSION WAS MADE WITHOUT MR. HANNING'S CONSENT."
 I. {¶ 8} In its sole Assignment of Error, appellant argues the trial court erred in denying appellant's petition for postconviction relief. However, we initially consider the timeliness of appellant's postconviction petition.
 {¶ 9} Subject matter jurisdiction may be raised sua sponte by an appellate court. State ex rel. White v. Cuyahoga Metro. Hous. Auth.
(1997), 79 Ohio St.3d 543, 544. The pertinent jurisdictional time requirements for a postconviction petition are set forth in R.C.2953.21(A)(2) as follows: "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. " Appellant duly pointed out in his petition that the conviction under consideration dated back to March 26, 2001. However, appellant therein contended that his June 12, 2002 petition was timely, based on the fact that the trial transcript had not been filed in the re-opened appeal until January 15, 2002, thus allegedly placing his petition within the 180-day jurisdictional window of R.C. 2953.21(A)(2). The trial court thereafter addressed the postconviction petition on the merits, and apparently made no reference to the issue of timeliness in relation to R.C. 2953.21(A)(2).
 {¶ 10} In State v. Godfrey (Feb. 28, 2000), Licking App. No. 99 CA 95, we concluded as follows: "Based on the procedural differences that exist between a `direct appeal' or `appeal as of right' and a `reopened appeal,' we find the language contained in R.C. 2953.21(A)(2) does not apply to reopened appeals as a `reopened appeal' clearly is different than a `direct appeal' or `appeal as of right.' " Appellant in the case sub judice acknowledged our position in Godfrey, but contended the case was distinguishable in that the defendant in Godfrey had at least filed a partial transcript in his original appeal, whereas none at all had been originally filed in the case sub judice. However, our concerns inGodfrey were based in large part on avoiding results which "contravene[d] the General Assembly's intent to place time limitations on petitions for postconviction relief." Id. at 3. As such, we find the rationale ofGodfrey equally applicable to the facts of the case sub judice.
 {¶ 11} We therefore reiterate that it is not the filing of a transcript per se that triggers the 180-day rule in R.C. 2953.21(A)(2), but rather the filing a transcript within a "direct appeal." See, also,State v. Johnson (2001), 144 Ohio App.3d 222, 225; State v. Fields
(1999), 136 Ohio App.3d 393, 396-397. Therefore, we find the trial court lacked jurisdiction to entertain appellant's petition for postconviction relief, and appellant's appeal is thereby dismissed sua sponte. AccordState v. Hanks (June 25, 1998), Franklin App. No. 98-AP-70.
 {¶ 12} For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Perry County, Ohio, is hereby dismissed.
By: Wise, J., Gwin, P.J., and Farmer, J., concur.