[Cite as *State v. McCall*, 2012-Ohio-5604.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.    12 MA 57 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| DAMON McCALL, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common Pleas
                                   Court, Case No. 90CR493.


JUDGMENT:                          Affirmed.


APPEARANCES:
For Plaintiff-Appellee:            Attorney Paul Gains
                                   Prosecuting Attorney
                                   Attorney Ralph Rivera
                                   Assistant Prosecuting Attorney
                                   21 West Boardman Street, 6th Floor
                                   Youngstown, Ohio  44503


For Defendant-Appellant:           Damon McCall, *Pro se*
                                   #233-304
                                   Mansfield Correctional Institution
                                   P.O. Box 788
                                   Mansfield, Ohio  44901


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                   Dated:  November 30, 2012

VUKOVICH, J.

{¶1} Defendant-appellant Damon McCall appeals the decision of the Mahoning County Common Pleas Court which denied his motion to correct a portion of his sentence which he claimed was void.  Appellant contends that the sentencing court erred by running two firearm specifications consecutively because they were part of the same act or transaction under former R.C. 2929.71(B).  He urges that this rendered one of the three-year sentences void and thus constitutes an issue that can be raised at any time.  From this, he concludes that the trial court erred in characterizing his motion as an untimely petition for post-conviction relief because it was actually a motion to vacate a void sentence, which is not subject to the post-conviction relief statutes.

{¶2} We conclude that a violation of R.C. 2929.71(B) would not render a firearm specification sentence void.  Rather, making an erroneous decision by applying the statute to the facts of a particular case would only render a sentence voidable.  Thus, a defendant cannot file a motion to vacate a void judgment on the basis that R.C. 2929.71(B) was violated by the sentencing court; rather the trial court properly recharacterized this motion as an untimely petition for post-conviction relief.  Accordingly, the judgment of the trial court is affirmed.

STATEMENT OF THE CASE

{¶3} Appellant was convicted of aggravated murder for the death of a store clerk, felonious assault for the shooting of another store clerk, and aggravated robbery.  The surviving clerk testified that he was in a car outside of the store on July 19, 1990, when he heard gunfire and approached the store.  He identified appellant as the man who shot the other clerk, wounded himself, and took money from the cash register.

{¶4} On April 4, 1991, appellant was sentenced on the three counts as follows:  life with parole eligibility after twenty years plus a three-year firearm specification; eight to twenty-five years plus a three-year firearm specification; and ten to twenty-five years plus a three-year firearm specification.  Counts one and two were run consecutively as were their firearm specifications.  Count three was run

concurrently with count one, and count three's gun specification was run concurrent as it was found to be part of the same act or transaction as count one.

**{¶5}** Appellant's conviction was affirmed by this court in *State v. McCall*, 7th Dist. No. 91CA66 (May 3, 1993). A new sentencing entry was entered by the trial court on June 9, 2010 to add that appellant was convicted by jury verdict in order to comply with *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163 and Crim.R. 32(C).

**{¶6}** On January 3, 2012, appellant filed a motion asking for a new sentencing hearing in order to correct a void portion of his sentence. He claimed that the state's version of the evidence showed that the firearm specifications on counts one and two should not have been run consecutively because they were part of the same act or transaction under former R.C. 2929.71(B). He claimed that the imposition of an extra three-year sentence in violation of R.C. 2929.71(B) rendered his sentence void and was thus an issue that can be raised at any time.

**{¶7}** The state filed a motion to dismiss urging that appellant's motion did not deal with a void judgment and therefore was actually an untimely petition for post-conviction relief. The state argued that the trial court had no jurisdiction to address the untimely petition because appellant failed to explain how any exceptions to the time requirements applied. The state added that appellant's argument was barred by res judicata because he could have but did not raise the issue in his direct appeal.

**{¶8}** On February 9, 2012, the trial court characterized appellant's motion as an untimely petition for post-conviction relief (thus finding that it did not deal with a void sentence) and denied the motion as appellant failed to explain whether any exception applied. Appellant filed a notice of appeal, which this court found timely due to the clerk's late service of the entry upon appellant.

ASSIGNMENT OF ERROR

**{¶9}** Appellant urges that the underlying felonies in counts one and two were part of the same act or transaction and thus the sentencing court violated former R.C. 2929.71(B) by running the two specifications consecutively. He argues that the sentencing court's failure to adhere to the mandatory sentencing provisions of former

R.C. 2929.71(B) renders the one firearm specification void rather than merely voidable and violated a protected liberty interest. He urges that if part of his sentence is void, a motion to correct the sentence is the proper remedy and that this remedy can be invoked at any time. Thus, he contends that the trial court erred in recharacterizing the motion as an untimely petition for post-conviction relief.

LAW & ANALYSIS

{¶10} Former R.C. 2929.71(B) provided that if an offender is convicted of two or more felonies and two or more firearm specifications, each of the three-year terms of actual incarceration shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment that were imposed unless any of the felonies were committed as part of the same act or transaction. "If any of the felonies were committed as part of the same act or transaction, only one three-year term shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed * * *." R.C. 2929.71(B).

{¶11} A "transaction" for purposes of this statute is defined as "a series of continuous acts bound together by time, space and purpose, and directed toward a single objective." *State v. Wills*, 69 Ohio St.3d 690, 691, 635 N.E.2d 370 (1994). This statutory test for determining whether to run firearm specifications consecutively is distinct from the separate animus test used when applying the statute relevant to the merger of offenses. *State v. Moore*, 161 Ohio App.3d 778, 2005-Ohio-3311, 832 N.E.2d 35, ¶ 38-39, 43-46 (7th Dist.).

{¶12} Whether appellant's firearm specifications should have been run consecutively is not the question before us. The trial court never ruled on this question because the court agreed with the state that the motion to correct the sentence was actually an untimely petition for post-conviction relief. Thus, we are not reviewing the merits of the question presented to the trial court.

{¶13} We are also not reviewing whether the motion was untimely if it was properly characterized as one for post-conviction relief. This is because appellant does not contest that he did not set forth any explanation for why his motion was untimely and does not refute that an untimely motion without proper explanations in

support can be denied due to the trial court's lack of jurisdiction. *See* R.C. 2953.23 (A)(1)(a) (court may not entertain an untimely petition unless the petitioner shows he was unavoidably prevented from discovering the facts upon which the claim is based or the United States Supreme Court recognized a new right and he shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found him guilty); *State v. Johnson*, 144 Ohio App.3d 222, 226, 759 N.E. 2d 889 (7th Dist.2001). Appellant also does not deny that most issues which could have been raised on direct appeal are barred in post-conviction proceedings by res judicata principles. *See, e.g., State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, 797 N.E.2d 948, ¶ 37.

**{¶14}** The state generally posits that a motion seeking to correct or vacate a portion of a sentence due to a constitutional rights violation is actually a post-conviction relief petition under R.C. 2953.21. *See State v. Reynolds,* 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997). The state acknowledges, however, that a partially void sentence can be remedied by way of a motion filed at any time and thus is not subject to the post-conviction relief statutes and that a void sentence constitutes an exception to the res judicata doctrine. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 25, 30.

**{¶15}** Thus, the crux of the issue on appeal is whether a violation of R.C. 2929.71(B) results in a void sentence (which can be raised at any time and is not subject to the time requirements of a petition for post-conviction relief) or a voidable sentence (which would be subject res judicata).

**{¶16}** A void sentence is one imposed by a court that lacks subject-matter jurisdiction or the authority to act. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. A voidable sentence is one imposed by a court that has both jurisdiction and authority to act but was imposed in an invalid, irregular, or erroneous manner. *Id.*; *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12. In accordance, where a trial court has both jurisdiction and authority to act but erroneously exercises that jurisdiction, the sentence is not void

and the sentence can be vacated only if successfully challenged on direct appeal. *Payne,* 114 Ohio St.3d 502 at ¶ 28.

{¶17} As a general rule, sentencing errors are not jurisdictional. *Simpkins,* 117 Ohio St.3d 420 at ¶ 13. A narrow exception applies in cases where a sentence is not in accordance with statutorily-mandated terms. *Fischer,* 128 Ohio St.3d 92 at ¶ 8, 31. Thus, a sentencing entry that fails to properly impose post-release control where it is statutorily required has been labeled a void sentence to the extent of the failure. *Id.* at ¶ 26-27. And, a failure to impose a mandatory driver's license suspension renders that sentence void to the extent of the failure. *State v. Harris,* 132 Ohio St. 3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 17. Additionally, "imposing a sentence outside the statutory range, contrary to the statute, is outside a court's jurisdiction, thereby rendering the sentence void ab initio." *Payne,* 114 Ohio St.3d 502 at fn.3.

{¶18} Appellant believes that a violation of R.C. 2929.71(B) similarly imposes a sentence in violation of statutorily-mandated terms. Appellant cites *Hairston* in support of his position that a violation of R.C. 2929.71(B) renders one of the firearm specification sentences void. *State v. Hairston,* 10th Dist. Nos. 07AP-160, 07AP-161, 2007-Ohio-5928. That case was a direct appeal where the state conceded a violation of the statute but urged forfeiture for failing to raise the issue to the sentencing court. *Id.* at ¶ 33. The appellate court believed that in order to answer this question, it must evaluate whether the violation rendered the portion of the sentence void or voidable. *Id.* at ¶ 35. The court concluded that the trial court had no jurisdiction to impose the sentence, the erroneous sentence was void, and appellant did not forfeit his right to challenge the sentence on appeal. *Id.* at ¶ 38.

{¶19} However, the analysis in *Hairston* is not persuasive. Firstly, this court, although not specifically analyzing whether R.C. 2929.71(B) violations result in a void sentence, did hold that a post-trial motion raising a R.C. 2929.71(B) violation is properly characterized as a petition for post-conviction relief, which must be timely filed or provide explanations for the delay. *State v. Gilmore,* 7th Dist. No. 04MA214, 2005-Ohio-2936, ¶ 7. *See also State v. Bellish,* 7th Dist. No. 94 CA157 (Sept. 9,

1997) (holding that issue of whether actual incarceration should have been imposed on second gun specification should have been raised on direct appeal).

{¶20} Likewise, the Fifth District has held that a claim of improper sentencing on a firearm specification under R.C 2929.71 is subject to res judicata and cannot be raised in a post-appeal motion. *State v. Mayle*, 5th Dist. No. 2006-CA-00084, 2006-Ohio-3269, ¶ 9, 27-31. *See also State v. Barber*, 2d Dist. No. 24770, 2012-Ohio-2332, ¶ 15 (failure to comply with the formal requirements of R.C. 2941.25 renders a sentence merely voidable, not void).

{¶21} The Supreme Court created a narrow exception for finding part of a sentence void where there is a failure to impose a sentence in accordance with statutorily-mandated terms. *See Harris*, 2010-Ohio-1908 at ¶ 7. A motion to correct a void sentence is essentially reserved for cases where there is a "facially illegal" sentence. *Fischer*, 128 Ohio St.3d 92 ¶ 25.

{¶22} Here, there was no failure to impose a statutorily-mandated term. Appellant's sentence did not fall outside of the sentencing range. And, the sentence was not otherwise "facially illegal" as the facts from trial must be evaluated to determine whether the shooting of each clerk was committed as part of the same act or transaction. Appellant is arguing the misapplication of a statute based upon the factual background of his case by way of trial testimony. In other words, his claim is merely that the sentence was invalid under the particular factual circumstances of his offenses, not a claim that the trial court sentenced him without statutory authority.

{¶23} In conclusion, a trial court has the jurisdiction and the statutory authority to sentence a defendant on more than one firearm specification. Whether a court correctly exercises this authority in each particular case is a different question: a question of whether the sentence is voidable, not whether the sentence is void. Thus, a violation of R.C. 2929.71(B) does not result in a void sentence on a firearm specification and any violation of this statute would render that part of the sentence merely voidable and thus subject to res judicata principles and the time requirements for post-conviction petitions.

**{¶24}** For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
Waite, P.J., concurs.