OPINION
{¶ 1} Defendant-appellant Robert J. Reed appeals the decision of the Mahoning County Common Pleas Court, which denied his motion for leave to file a successive petition for post-conviction relief. Appellant complains about the lack of findings of fact and conclusions of law accompanying the denial of his first petition and contends that this omission allows him to file a second petition without regard to the statutory requirements for successive petitions. Appellant also raises various errors that allegedly occurred during his plea and sentencing, the type of errors that would typically be raised in a direct appeal. For the following reasons, the trial court's denial of leave to file this successive motion for post-conviction relief is affirmed.
 STATEMENT OF THE CASE {¶ 2} On February 6, 2002, Reed pled guilty to engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) and (B), a second-degree felony. The indictment alleged theft, forgery, and receiving stolen property with regards to stolen credit cards and checks of multiple victims. A sentencing hearing was held on March 22, 2002, and the court filed its sentencing entry on April 12, 2002, wherein Reed was sentenced to six years in prison. Appellant failed to file timely notice of appeal. More than one year later, on May 30, 2003, appellant filed notice of appeal from the sentencing entry resulting in case number 03 MA 92 and a motion for leave to file a delayed appeal from such entry. This court recently denied leave to file a delayed appeal and dismissed appellate case number 03 MA 92.
 {¶ 3} Instead of filing a timely appeal from the sentencing entry, appellant filed a petition for post-conviction relief on August 20, 2002. First, he alleged that his counsel failed to advise him that he should have gone to trial and failed to interview witnesses. Second, he complained that the court failed to satisfy the statutory requirements for imposing the maximum sentence. We note that eight years is the maximum sentence for a second-degree felony, and appellant was only sentenced to six years in prison. The trial court overruled appellant's petition on September 6, 2002.
 {¶ 4} On April 1, 2003, appellant filed a pro se motion for leave to file a second, successive post-conviction relief petition. The arguments raised in this successive petition are those set forth in the assignments of error below. The trial court overruled this motion on April 3, 2003. On May 1, 2003, appellant filed notice of appeal from this denial, resulting in the appeal before us, appellate case number 03 MA 77.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 5} Appellant sets forth six assignments of error, the first of which alleges:
 {¶ 6} "That the trial court failed to include findings of facts with the decision to deny relief. To [SIC] which prevented the defendant reed from filing an appeal."
 {¶ 7} Appellant complains that the trial court failed to issue findings of fact and conclusions of law when denying his first petition for post-conviction relief. He also mentions that no findings and conclusions were filed when the court denied his second petition.
 {¶ 8} Appellant correctly cites State v. Mapson (1982),1 Ohio St.3d 217, for the proposition that the court must issue findings of fact and conclusions of law when denying a timely filed post-conviction relief petition. Id. at 218. See, also,State v. Preston (Apr. 17, 1998), 7th Dist. No. 96BA6 (remanding where the trial court failed to issue findings and conclusions). This holding comes from the express language of R.C. 2953.21(C) and (G), which require the trial court to make findings of fact and conclusions of law when it dismisses a petition or does not find grounds for granting relief. The Supreme Court has also held that a judgment entry that fails to comply with this mandate is incomplete and thus does not start the time running for notice of appeal. Mapson,1 Ohio St.3d at 218.
 {¶ 9} Thus, the trial court's failure to issue findings and conclusions when denying appellant's initial timely petition resulted in a situation where appellant has not yet been precluded from filing an appeal of the trial court's denial of his first petition. However, appellate case number 03MA77 is not the proper place to raise this argument. The notice of appeal in this case expressly states that it is an appeal from the trial court's April 3, 2003 entry denying leave to file a successive petition. As such, we cannot address the trial court's failure to issue findings and conclusions as to the initial petition at this time.
 {¶ 10} As for the lack of findings and conclusions in denying the second petition, appellant's complaints are without merit. Although the trial court must issue findings and conclusions when denying a timely filed initial petition, the trial court is not required to issue findings and conclusions when denying an untimely or successive petition. State ex rel. Carroll v.Corrigan (1999), 84 Ohio St.3d 529, 530; State v. Newman (Dec. 24, 2001), 7th Dist. No. 00 CO 52. For the following reasons, this assignment of error is overruled.
 {¶ 11} There exist various options appellant can use to remedy his complaint as to the lack of findings and conclusions regarding his original petition for post-conviction relief. The easiest one would be for appellant to file a separate notice of appeal from the trial court's September 6, 2002 decision. This appeal would not be considered untimely due to the Supreme Court's Mapson holding, which requires remand to the trial court for findings and conclusions. See, e.g., Mapson,1 Ohio St.3d 217 (reversing and remanding the appellate court's dismissal of a post-conviction appeal as untimely filed since the trial court never issued findings and conclusions); State v.Bren (June 29, 1999), 7th Dist. No. 496 (where we remanded for a failure to issue findings and conclusions in denying post-conviction relief).
 {¶ 12} Other options include filing a short and specific motion asking the trial court to issue findings and conclusions on the original petition and then appealing or ultimately filing a writ of mandamus. See State v. Reynolds (Jan. 8, 2002), 7th Dist. No. 99 CO 48 (where appellant filed a motion for findings and conclusions). See, also, State ex rel. Baker v. Common PleasCourt (Feb. 17, 2000), 7th Dist. No. 830, citing State ex rel.Ferrell v. Clark (1984), 13 Ohio St.3d 3 (stating that mandamus will lie to compel a court to proceed to final judgment where it fails to issue findings and conclusions as required by the post-conviction relief statute).
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 13} Appellant's second assignment of error provides:
 {¶ 14} "Trial court erred as a matter of law for refusing to allow the filing of a second petition for relief with evidence attached when the first one was dismissed without a hearing or decision on the merits."
 {¶ 15} Appellant contends that he is permitted to submit evidentiary material in his second petition that he failed to submit in his first petition. It seems he believes that when the trial court fails to issue findings and conclusions on an initial timely petition, then the petitioner can file a second petition without regards to the statutory requirements for filing successive petitions contained in R.C. 2953.23. This contention is without merit under the plain language of the statutes before us.
 {¶ 16} Pursuant to R.C. 2953.23(A), a court is not permitted to entertain an untimely or a successive petition for post-conviction relief unless: (1)(a) petitioner demonstrates he was unavoidably prevented from discovering the facts upon which he relies to present his claim or (b) after the time limit or after the prior petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to those in petitioner's situation; and (2) petitioner establishes by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found him guilty of the offense.
 {¶ 17} Whether these requirements have been met in this case will be discussed under the remaining four assignments of error, each of which alleges some problem with appellant's plea or sentence.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 18} Appellant's third assignment of error provides:
 {¶ 19} "That the trial court failed to comply with criminal 11 rules in which at no time did the court explain that witnesses could be forced to come testify it was not the defendant reed that stoled [SIC] the mail."
 {¶ 20} Pursuant to Crim.R. 11(C)(2)(c), the court shall inform the defendant that he is waiving the following constitutional rights: to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at trial where the defendant cannot be compelled to testify against himself. Strict, rather than merely substantial, compliance is required where the court advises the defendant of the constitutional rights being waived.State v. Ballard (1981), 66 Ohio St.2d 473, 480 (adding compulsory process to the United States Supreme Court's threeBoykin rights of self-incrimination, jury trial, and confrontation).
 {¶ 21} In his second petition for post-conviction relief and here on appeal, appellant argues that the court violated Crim.R. 11(C) by failing to inform him of his right to compulsory process, failing to explain that the state must prove all the essential elements, failing to explain that his silence could not be used against him, and failing to explain that he could be tried by the court instead of a jury. In support, appellant attached to his petition two pages from the plea hearing transcript.
 {¶ 22} First, these two pages show the court explained that: appellant had the right to remain silent at trial and could not testify against himself unless he waived his right against self-incrimination, the state must prove the charges through their own witnesses, the state would have to prove it occurred in Mahoning County in the fall of 2001, and the state would have to "prove beyond a reasonable doubt that you did engage in a pattern of corrupt activity with Janice McConnell or other persons known or unknown through October or November of the year 2001." (Tr. 12-13). Thus, the court did comply with the last portion of Crim.R. 11(C)(2)(c), which requires the court to inform the defendant that the state must prove guilt beyond a reasonable doubt at a trial where the defendant cannot be forced to testify against himself.
 {¶ 23} These attached pages also show the court informed appellant of his right to a jury trial. Contrary to appellant's suggestion, Crim.R. 11 contains no requirement that the court explain that he could choose to be tried by the court instead of a jury.
 {¶ 24} The court mentioned that the state would call the victims, police officers, and postal inspector who would testify as to appellant's criminal acts. The court noted that appellant could present a defense that he did not steal the victims' identities, checks, or credit cards and did not attempt to initiate illegal wire transfers. Although these two pages do not refer to the right to confront witnesses or to compulsory process, a mere two pages chosen by appellant from the middle of a plea hearing are not sufficient evidence to demonstrate that the remaining pages do not contain the proper colloquy concerning his rights waiver.
 {¶ 25} Regardless, appellant failed to satisfy the statutory test for filing a successive petition. That is, he sets forth no reasons why he could not have discovered Crim.R. 11 violations previously and he does not allege a new right regarding Crim.R. 11 declared by the United State Supreme Court since his prior petition. As such, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER FOUR {¶ 26} Appellant's fourth assignment of error contends:
 {¶ 27} "That defendant reed was denied effective assistance of counsel by counsel not being qualified to handle a second degree felony trial by jury."
 {¶ 28} Appellant argues that his trial counsel was not qualified to handle a second-degree felony. Appellant cites pages 2-4 and page 18 of some "trial transcript" where it allegedly states that his counsel was not certified to handle second-degree felonies, but that he was waiving such deficiency.
 {¶ 29} Nonetheless, we do not have this transcript before us. In the prior assignment of error, although it was not proper to attach two pages from a transcript which was never filed, at least he attached the pages to his petition. With regards to these arguments, no relevant portions of the transcript were filed or attached.
 {¶ 30} Since the transcript was never presented to the trial court, this is not the situation where we could grant appellant leave to place the transcript before us. It is a well-established principle of appellate law that new material cannot be added to the record on appeal that was not first presented to the trial court. State v. Phillips (1995), 74 Ohio St.3d 72, 80. In a case on point, the Supreme Court reversed an appellate court's decision to vacate a guilty plea and allow appellant to supplement the record with the transcript from the guilty plea hearing where that transcript was not presented to the trial court during the post-conviction proceedings. State v. Ishmail
(1978), 54 Ohio St.2d 402, 406.
 {¶ 31} Moreover, it appears this qualifications argument is based upon a local rule of court dealing with the court appointment list. See Mahoning Cty. Loc. Crim.R. 4(F). Under a heading entitled, "Distribution of assignment exemptions," this rule allows a judge to appoint a non-certified attorney in a specific case if it has been demonstrated to the judge that competent representation can be provided. Further, counsel is not presumed ineffective merely because he does not meet the court-appointed counsel qualifications imposed by the Mahoning County Bar Association's Indigent Public Defense Committee.
 {¶ 32} Regardless, appellant once again fails to comply with R.C. 2953.23(A)(1)(a) or (b) as he does not state why he was unavoidably prevented from discovering these arguments (especially since the alleged lack of credentials supposedly is apparent in the transcript) or that the United States Supreme Court recognized some new right regarding these arguments. Thus, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER FIVE {¶ 33} Appellant's fifth assignment of error alleges:
 {¶ 34} "A criminal has a constitutional right to only have correct information used to determine the sentence to be imposed, and when as here incorrect information denied the defendant reed of equal protection and due process of law."
 {¶ 35} Here, appellant contends that information contained in his presentence investigation report was false and that his counsel was ineffective for failing to read the report and object to it. First, appellant fails to state what information in the presentence investigation report was false. Second, he failed to submit the sentencing transcript to the trial court (or this court). Thus, we do not know what arguments were presented or omitted from the sentencing hearing. Third, he fails to meet or even attempt to argue the statutory requirements for raising this argument in a successive petition for post-conviction relief. This argument is thus overruled.
 {¶ 36} Appellant also argues that the United States Supreme Court recently ruled that the RICO Act is unconstitutional as applied to abortion protestors because no property was obtained. He concludes that counsel was ineffective in failing to argue that the statute under which he was convicted was unconstitutional as applied to him.
 {¶ 37} First, this argument has nothing to do with the text of the assignment of error and is wholly unrelated to the argument presented above on sentencing. See App.R. 12(A)(2) (providing that the court may disregard an assignment of error if the appellant violates App.R.16(A) by failing to argue it separately in the brief). Second, appellant fails to cite this recent United States Supreme Court case he mentions. Besides violating App.R. 16(A)(7), the lack of a cite ruins any suggestion that a successive petition is valid because of a newly recognized right as we have no indication of the date the court decided this case and it is not our responsibility to conduct research in order to complete appellant's argument for him. Most importantly, the case alluded to by appellant is not relevant to the facts of his case. That case dealt with intimidation, with no intent to deprive a person of property. This case deals with theft and forgery, which revolve around an intent to deprive a person of property. Hence, this argument is meritless. This assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER SIX {¶ 38} Appellant's sixth assignment of error contends:
 {¶ 39} "That the trial court erred as a matter of law when it failed to comply with R.C. § 2929.12 through 19 when imposing sentence of six years."
 {¶ 40} The court found that the shortest prison term would demean the seriousness of the offense and would not adequately protect the public. The court noted that there were at least twenty-eight victims, the items stolen were cash, checks, credit cards, and identities, the victims suffered serious economic harm, and appellant has prior criminal convictions.
 {¶ 41} Appellant claims that the court should have imposed the minimum sentence of two years. He argues that although the trial court made the findings for deviating from the minimum sentence under R.C. 2929.14(B), the court was also required to give reasons to support its findings for deviating from the minimum. This argument is without merit. State v. Edmonson
(1999), 86 Ohio St.3d 324, 326 (clearly holding that the trial court need not give reasons to support its findings for deviating from the minimum). Moreover, once again, appellant fails to set forth arguments as to the statutory requirements for filing a successive petition as related to imposition of a six-year sentence. Accordingly, this assignment of error is overruled.
 {¶ 42} For the foregoing reasons, the trial court's judgment overruling appellant's motion for leave to file a successive petition is affirmed.
Donofrio, J., concurs.
DeGenaro, J., concurs in judgment only; see concurring opinion.
DeGenaro, J., concurring in judgment only.
 {¶ 43} While I agree with my colleague's analysis with regard to Appellant's first and second assignments of error, I must concur in judgment only regarding the remaining assignments of error, as reaching the merits gives rise to an advisory opinion. Because these errors should have been raised in a direct appeal, the doctrine of res judicata bars Appellant from raising them in this post-conviction petition.
 {¶ 44} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v.Reynolds, 79 Ohio St.3d 158, 161, 1997-Ohio-304, quoting Statev. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104 at paragraph nine of the syllabus.
 {¶ 45} Res judicata does not bar a petitioner's claim for relief when the claim is supported by claims outside the original trial court record. State v. Pope (Oct. 22, 1998), 4th Dist. No. 97CA8, citing to State v. Cole (1982), 2 Ohio St.3d 112,443 N.E.2d 169, syllabus. "To survive preclusion by res judicata, a defendant must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." State v. Ferko, 9th Dist. No. 20608, 2001-Ohio-1402 at 2.
 {¶ 46} Here, the Appellant has failed to produce any new evidence de hors the record with respect to the challenge to his plea, his claim of ineffective assistance of trial counsel, and the sentence he received. Accordingly, he is barred from bringing these claims since they are the proper subject of a direct appeal not a post-conviction petition.
 {¶ 47} For the foregoing reasons I respectfully concur in judgment only.