OPINION
{¶ 1} Defendant-appellant Marlon Gilmore appeals the decision of the Mahoning County Common Pleas Court, which denied his post-conviction petition to correct his sentence. Appellant presents as his main issue the argument that he should not have been sentenced consecutively on two firearm specifications. Before reaching that issue, however, we must determine whether the trial court was even permitted to address his motion since it is considered a successive petition for postconviction relief. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} In 1991, a jury found appellant guilty of complicity to aggravated murder and two counts of complicity to aggravated robbery, with three firearm specifications. The trial court sentenced him to life with no possibility of parole until twenty years to be served consecutively to two indefinite, concurrent sentences of ten to twenty-five years. The court then merged two of the firearm specifications into one and imposed two consecutive three-year sentences of actual incarceration for the remaining two firearm specifications. This court affirmed appellant's conviction upon his direct appeal. Statev. Gilmore (Mar. 15, 1993), 7th Dist. No. 91CA93.
 {¶ 3} On September 23, 1996, appellant filed a petition for post-conviction relief with complaints concerning his sentence. On January 27, 1997, the trial court denied his petition, stating in part that Senate Bill 2 and its changes in the felony sentencing scheme are prospective in application. That decision was not appealed.
 {¶ 4} On July 9, 2003, appellant filed a motion to correct his sentence. On August 23, 2004, the court overruled his motion. Appellant filed timely notice of appeal.
 ASSIGNMENTS OF ERROR {¶ 5} Appellant sets forth three assignments of error for our review. In his first two assignments, he insists that there was only one criminal act committed and that he should only have been convicted of one firearm specification and correspondingly sentenced to only one three-year term of actual incarceration. In doing so, he argues that his constitutional due process rights were violated. He quotes R.C. 2929.71(B)(1), which was the law in effect at the time.
 {¶ 6} In his third assignment of error, appellant urges that his claim should not be unjustly barred by the doctrine of res judicata. Although, he recognizes that the doctrine of res judicata prohibits raising issues in a post-conviction petition that could have been raised in the direct appeal. State v. Perry (1967), 10 Ohio St.2d 175. See, also, State v.Reynolds (1997), 79 Ohio St.3d 158, 161 (where the Court reiterated that res judicata bars a post-conviction relief petitioner from raising a firearm specification issue in his petition where he could have raised this issue on direct appeal even where the law of the district changed after his direct appeal). Before reaching the merits of his petition, however, we must consider the propriety of the filing of the petition itself.
 PROPRIETY OF PETITION {¶ 7} A petition for post-conviction relief can be filed if a defendant claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution. R.C. 2953.21 (A)(1)(a). The Supreme Court has categorized a motion to correct or to vacate a sentence due to a constitutional rights violation as a petition for post-conviction relief under R.C. 2953.21. Reynolds, 79 Ohio St.3d at 160. Appellant's motion is thus truly a petition for post-conviction relief.
 {¶ 8} Except as provided in R.C. 2953.23, a petition for post-conviction relief must be filed within one hundred eighty days after the date on which the trial transcript was filed in the court of appeals in the direct appeal of the judgment of conviction, or, if no direct appeal is filed, within one hundred eighty days after the time for filing the notice of appeal expiries. R.C. 2953.21(A)(2). These dates have long since passed.
 {¶ 9} Appellant's first petition was timely filed under another exception giving those who were sentenced after the effective date of the new statutory requirements one year from that effective date. See Statev. Walker (June 26, 2001), 7th Dist. No. 00CA118, citing State v. Oracio
(Dec. 17, 1998), Mahoning App. No. 96CA131, citing S.B. 4, § 3, effective 9-21-95. However, the within appeal involves a successive (and untimely) petition.
 {¶ 10} Pursuant to the strict dictates of R.C. 2953.23(A), a trial court is not permitted to entertain an untimely or successive petition for post-conviction relief unless: (1)(a) the petitioner shows that he was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or (1)(b) after the time limit or after the earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively; and (2) the petitioner shows by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found him guilty.
 {¶ 11} Here, appellant was not unavoidably prevented from discovering the facts surrounding his convictions and the sentence entered thereon. See R.C. 2953.23(A)(1)(a). In fact, he filed a prior petition for post-conviction relief concerning a sentencing issue. In the alternative, he does not direct this court to a new, relevant and retroactive federal or state right recognized by the United States Supreme Court. See R.C.2953.23(A)(1)(b). Thus, the trial court was not permitted to entertain his successive and untimely petition.
 {¶ 12} Finally, we should note that although R.C. 2953.21(G) requires the trial court to issue findings of fact and conclusions of law when denying a timely filed initial petition for post-conviction relief, the trial court is not required to issue findings and conclusions when denying an untimely or successive petition. See, e.g., State ex rel.Carroll v. Corrigan (1999), 84 Ohio St.3d 529, 530 (successive petition); State v. Reed, 7th Dist. No. 03MA77, 2004-Ohio-1544; State v.Davis, 7th Dist. No. 01CA171, 2002-Ohio-2789; State v. Perdue (Dec. 12, 1999), 7th Dist. No. 98CA156.
 {¶ 13} Even if appellant were permitted to file the motion at this time, his claims are unsupported. Appellant does not explain why merger of the firearm specifications was required under the facts and circumstance of this case; he just states that it was required. The applicable statute, R.C. 2929.71, and the current version set forth in 2929.14(D)(1)(b) provide that a court shall not impose more than one prison term for a firearm specification for felonies committed as part of the same act or transaction.
 {¶ 14} The test is unrelated to the allied offenses of similar import test under R.C. 2941.25. See, e.g. State v. Inglesias-Rodriquez (Mar. 16, 2000), 8th Dist. No 76028. Rather, the Ohio Supreme Court defined the same transaction in the merger test as "a series of continuous acts bound together by time, space and purpose, and directed toward a single objective." State v. Wills (1994), 69 Ohio St.3d 690, 691 (applying R.C.2929.71 to find that armed robberies of two victims walking together were separate transactions within the meaning of the firearm specification statute and supported separate mandatory sentences on each firearm specification).
 {¶ 15} Here, the sentencing court had already merged two of the three firearm specifications under R.C. 2929.71. Appellant does not specify how the charges involving aggravated murder and those involving aggravated robbery charges were part of the same transaction and directed toward a single purpose. One can be robbed with a different objective than exists for murder. Moreover, there were two victims, and appellant's motion did not expressly refute that there was an objective as to each victim. Money was demanded from both victims; one was shot.
 {¶ 16} In conclusion, appellant's motion consists of bare assertions without necessary and fact-driven application, explanation, or example. Merely because various crimes occur during a time period of criminality does not per se mean that they lack a separate purpose or a different objective.
 {¶ 17} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.