OPINION
{¶ 1} Defendant-appellant, Eric Thomas, appeals from a Jefferson County Common Pleas Court judgment convicting him of aggravated burglary, kidnapping, and sexual imposition following his guilty plea.
 {¶ 2} On August 2, 2006, a Jefferson County grand jury indicted appellant on one count of aggravated burglary, a first-degree felony in violation of R.C. 2911.11(A)(1), one count of rape, a first-degree felony in violation of R.C. 2907.02(A)(2), and one count of kidnapping, a first-degree felony in violation of R.C. 2905.01(A)(4). These charges stemmed from a domestic disturbance involving appellant's ex-girlfriend. Appellant entered a not guilty plea to the charges.
 {¶ 3} Appellant subsequently entered into a plea agreement with plaintiff-appellee, the State of Ohio. Per the agreement, the state amended the charge of rape to a charge of sexual imposition, a third-degree misdemeanor in violation of R.C. 2907.06(A)(1). Appellant then pleaded guilty to the charges in the amended indictment. Additionally, appellant and the state came to an agreed recommendation of sentence. The parties jointly recommended that the trial court sentence appellant to ten years on the aggravated burglary count, ten years on the kidnapping count, and 30 days on the sexual imposition count. They further recommended that appellant serve the three sentences concurrently for a total of ten years in prison.
 {¶ 4} The trial court accepted the joint sentencing recommendation and imposed the sentence recommended by the parties in its January 19, 2007 judgment entry. Appellant never filed a notice of appeal from this judgment.
 {¶ 5} On October 1, 2007, appellant filed a motion in the trial court for post-conviction relief. In his motion, appellant alleged that his trial counsel was ineffective. The trial court overruled this motion without a hearing. Appellant, acting pro se, filed a timely notice of appeal from this judgment denying his motion for post-conviction relief. Appellant now raises five assignments of error.
 {¶ 6} Initially, we must address a preliminary issue. Appellant has filed with this court a "motion to compel the trial court to produce the requisite facts findings and conclusions of law in trial court case 06-CR-101, post conviction relief." In a *Page 2 
June 12, 2008 journal entry, this court stated that appellant's motion presented an issue for merit consideration in this appeal. Thus, we will consider it now.
 {¶ 7} R.C. 2953.21(C) regarding post-conviction petitions provides: "If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal." But "although R.C. 2953.21(G) requires the trial court to issue findings of fact and conclusions of law when denying a timely filed initial petition for post-conviction relief, the trial court is not required to issue findings and conclusions when denying an untimely or successive petition." State v. Gilmore, 7th Dist. No. 04-MA-214, 2005-Ohio-2936, at ¶ 12. As will be seen below, appellant's petition was untimely. Therefore, the trial court was not required to issue findings of fact and conclusions of law.
 {¶ 8} An appellate court reviews a trial court's decision to deny a petition for post-conviction relief without a hearing under a de novo standard of review. State v. Herring, 7th Dist. No. 06-JE-8,2007-Ohio-3174, at ¶ 14.
 {¶ 9} Appellant's petition for post-conviction relief was untimely, and therefore, the trial court was not required to entertain it.
 {¶ 10} R.C. 2953.21(A)(2) provides: "If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petitionshall be filed no later than one hundred eighty days after theexpiration of the time for filing the appeal." R.C. 2053.21(C) further provides in part: "The court shall consider a petition that istimely filed under division (A)(2) of this section." (Emphasis added.)
 {¶ 11} In this case, appellant did not file a direct appeal. The time for filing a direct appeal expired on February 19, 2007. Thus, appellant had 180 days from February 19, 2007, in which to file his post-conviction petition. He did not file his petition until October 1, 2007, 224 days after the time for filing his direct appeal expired.
 {¶ 12} Furthermore, appellant makes no claim that either of the two exceptions set out in R.C. 2953.23(A) apply to him. These exceptions provide:
 {¶ 13} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may notentertain a petition filed after *Page 3 the expiration of the period prescribed in division (A) of thatsection or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of thissection applies:
 {¶ 14} "(1) Both of the following apply:
 {¶ 15} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 16} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 17} "(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed * * * and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death." (Emphasis added.)
 {¶ 18} This statute mandates that one of the two exceptions must be met in order for a trial court to consider an untimely petition. As stated above, appellant makes no claim that either of these exceptions applies to him nor does the record indicate as much.
 {¶ 19} The timeliness of a petition for post-conviction relief is jurisdictional. State v. Bivens, 10th Dist. No. 05AP-1270,2006-Ohio-4340, at ¶ 6; State v. Proctor (Sept. 5, 2000), 12th Dist. No. CA99-08-139. Thus, on the basis of the untimeliness *Page 4 
of appellant's petition alone, the trial court's judgment must be affirmed. However, for the sake of being thorough, we will briefly address appellant's assignments of error.
 {¶ 20} Appellant's first assignment of error states:
 {¶ 21} "APPELLANT WAS SEVERELY PREJUDICED AND DEPRIVED OF HIS RIGHT TO A FAIR TRIAL BY THE INEFFECTIVE ASSISTANCE OF HIS TRIAL COUNSEL."
 {¶ 22} What appellant should have alleged here is that the trial court erred in dismissing his petition for post-conviction relief because his trial counsel was ineffective. Instead, he argues the merits of why his counsel was ineffective. He bases his claim on allegations that his counsel failed to object to the use of a prior conviction to enhance his sentence despite the court's granting of a motion in limine prohibiting the use of his prior convictions at trial and on allegations that his counsel failed to prepare for trial. These arguments mirror those raised in appellant's post-conviction petition.
 {¶ 23} "Where ineffective assistance of counsel is alleged in a petition for postconviction relief, the defendant, in order to secure a hearing on his petition, must proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the defendant." State v.Cole (1982), 2 Ohio St.3d 112, 114, 443 N.E.2d 169.
 {¶ 24} To prove an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test. First, appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. Second, appellant must demonstrate that he was prejudiced by counsel's performance. Id. To show that he has been prejudiced by counsel's deficient performance, appellant must prove that, but for counsel's errors, the result of the trial would have been different.Bradley, 42 Ohio St.3d at paragraph three of the syllabus. *Page 5 
 {¶ 25} In this case, appellant did not proffer any evidence to establish that his trial counsel violated any duties owed to him or that he was prejudiced by his counsel's performance. The motion in limine that appellant refers to was filed by his counsel and granted by the trial court. It specifically prohibited the state from introducing, referring to, or mentioning appellant's prior criminal record during trial. This in no way affected the trial court's ability to consider appellant's prior criminal record at his sentencing hearing.
 {¶ 26} Additionally, appellant proffered no evidence of how his counsel failed to prepare for trial. In fact, counsel filed numerous motions including a request for a bill of particulars, a discovery request, a request for evidence, and the above-mentioned motion in limine. After this, the parties engaged in plea negotiations and a deal was reached.
 {¶ 27} Thus, appellant did not proffer evidence on the issue of his counsel's effectiveness in order to secure a hearing on his petition. Accordingly, appellant's first assignment of error is without merit.
 {¶ 28} Appellant's four remaining assignments of error assert errors that should have been raised in a direct appeal from his sentencing judgment entry. They state respectively:
 {¶ 29} "THE TRIAL COURT ERRED IN USING A CONVICTION THAT WAS MORE THAN TEN YEARS OLD, WHEN THE TRIAL COURT GRANTED APPELLANT[']S MOTION IN LIMINE PROHIBITING THE STATE OF OHIO FROM INTRODUCING, REFERENCING TO OR MENTIONING THE APPELLANT[']S PRIOR RECORD, ALL AGAINST THE PROVISIONS OF CRIMINAL RULES OF EVIDENCE 609(B)."
 {¶ 30} "THE TRIAL COURT ERRED WHEN IT IMPOSED A MAXIMUM PRISON TERM UPON APPELLANT."
 {¶ 31} "APPELLANT[']S CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 {¶ 32} "TRIAL COURT ERRED IN THE PROPER NOTIFICATION OF APPELLANT[']S POST RELEASE CONTROL." *Page 6 
 {¶ 33} All of these alleged errors could have been raised in a direct appeal. Therefore, they are not grounds for post-conviction relief. "[A] defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal." State v.Reynolds (1997), 79 Ohio St.3d 158, 161, 679 N.E.2d 1131.
 {¶ 34} Furthermore, two of the four remaining assignments of error raise sentencing issues. But appellant and the state gave a jointly recommended sentence to the trial court. And the trial court imposed the recommended sentence. R.C. 2953.08(D) specifically provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by thedefendant and the prosecution in the case, and is imposed by a sentencing judge." (Emphasis added.) Here appellant's sentence is within the statutorily authorized range, was recommended jointly, and was imposed by the sentencing judge. Thus, even if appellant had filed a timely notice of appeal or post-conviction petition, he could not challenge his sentence.
 {¶ 35} Accordingly, appellant's second, third, fourth, and fifth assignments of error are without merit.
 {¶ 36} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs. *Page 1