OPINION AND JUDGMENT ENTRY *Page 2 
{¶ 1} Relator Eric Thomas has filed a petition for a writ of mandamus against Respondent Jefferson County Common Pleas Court Judge Joseph J. Bruzzese, Jr. Relator asks us to order Respondent to issue findings of fact and conclusions of law explaining the court's denial of an untimely filed petition for post-conviction relief. For the following reasons, Relator is not entitled to findings and conclusions and, his petition for a writ of mandamus is therefore denied.
 {¶ 2} This action originates from Relator's guilty pleas to aggravated burglary, sexual imposition and kidnapping. The court sentenced Relator to a total of ten years in prison in a January 19, 2007 judgment entry from which Relator did not appeal. On October 1, 2007, Relator filed a motion for post-conviction relief focusing on allegations of ineffective assistance of trial counsel. On December 11, 2007, the trial court denied post-conviction relief without a hearing in a one-sentence entry. Relator filed timely notice of appeal resulting in appellate case number 08JE1.
 {¶ 3} On July 29, 2008, Relator filed the within petition for a writ of mandamus against the trial judge alleging that findings of fact and conclusions of law are mandatory in denying a petition for post-conviction relief. In order to be entitled to a writ of mandamus, a petitioner must establish that he has a clear legal right to the relief sought, that the Respondent has a clear legal duty to perform the requested act and that there is no plain and adequate remedy in the ordinary course of law. State ex rel. Luna v. Huffman (1996),74 Ohio St.3d 486, 487 (and allowing sua sponte dismissal of a mandamus petition without notice where the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged).
 {¶ 4} Here, Relator cannot establish a clear legal right or a clear legal duty or the absence of an adequate remedy by way of appeal in 08JE1. In fact, it is clear that Relator is not automatically or statutorily entitled to findings of fact and conclusions of law as his petition for post-conviction relief was untimely filed in the trial court. That is, where no appeal is taken from a conviction, the defendant has only one hundred *Page 3 
eighty days in which to file a timely post-conviction relief petition. R.C. 2953.21(A)(2). Here, Relator filed his petition more than forty days late.
 {¶ 5} Thus, it is an untimely petition that is considered only under R.C. 2953.23, rather than under R.C. 2953.21. State ex rel. Reynolds v.Basinger, 99 Ohio St.3d 303, 2003-Ohio-3631, ¶ 6-7. The statutory mandate for findings of fact and conclusions of law is only applicable to timely petitions filed under R.C. 2953.21(A)(2), (C). Id. Findings of fact and conclusions of law are not mandated for the denial of untimely filed petitions. Id.; State ex rel. Bunting v. Hass, 102 Ohio St.3d 161,2004-Ohio-2055, ¶ 11 (findings and conclusions are not required for successive or untimely petitions). See, also, State v. Reed, 7th Dist. No. 03MA77, 2004-Ohio-1544, ¶ 10.
 {¶ 6} Because Relator has no clear legal right to findings of fact and conclusions of law and the court had no corresponding clear legal duty to file such findings and conclusions, the requested writ must be denied. See Reynolds, 99 Ohio St.3d 303 at ¶ 8 (also finding there is an adequate remedy at law by way of appeal from the denial of post-conviction relief). We also point out that our decision in the direct appeal from the denial of post-conviction relief also disposed of this argument regarding the lack of findings of fact and conclusions of law. State v. Thomas, 7th Dist. No. 08JE1, 2008-Ohio-4808, ¶ 7. Said decision also found that Relator failed to allege and demonstrate the applicability to the exceptions for filing an untimely post-conviction relief petition. Id. at ¶ 12, 18. We hereby maintain this position.
 {¶ 7} For all of the foregoing reasons, this petition for a writ of mandamus is denied.
 {¶ 8} Costs taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules.
 Vukovich, J., concurs. Donofrio, J., concurs. DeGenaro, P.J., concurs. *Page 1