OPINION
{¶ 1} Defendant-appellant, William Bryant, appeals the judgment of the Mahoning County Common Pleas Court denying his petition for postconviction relief.
 {¶ 2} On May 18, 1999, following a jury trial, appellant was found guilty of one count of murder, in violation of R.C. 2903.02(A), and subsequently sentenced to fifteen years to life imprisonment on May 21, 1999. This court affirmed appellant's conviction upon direct appeal.State v. Bryant (Dec. 6, 2001), 7th Dist. No. 99-CA-135. Appellant then filed an application with this court pro se, seeking to reopen his appeal due to ineffective assistance of counsel at the appellate level, which was denied on November 20, 2002. State v. Bryant, 7th Dist. No. 99-CA-135, 2002-Ohio-6522.
 {¶ 3} On June 26, 2003, appellant, proceeding pro se, petitioned the Mahoning County Common Pleas Court for postconviction relief. On February 25, 2004, the court denied appellant's petition for failure to file the petition no later than 180 days after the date on which the trial transcript was filed in the court of appeals in the direct appeal of his conviction pursuant to R.C. 2953.21(A)(2). In its Journal Entry denying the petition, the court found that "The docket sheet in the instant case states that the transcripts for the Defendant's direct appeal were filed on September 19, 1999 [sic]"[1] Following a failure of service upon appellant, the trial court granted appellant's motion to correct a clerical mistake pursuant to Civ.R. 60 for the purpose of perfecting any appeal of the February 25, 2004 judgment. The trial court corrected the date of filing of the February 25, 2004 order to April 21, 2004. This appeal followed. Appellant continues to proceed pro se.
 {¶ 4} Appellant's sole assignment of error states:
 {¶ 5} "The trial court erred in dismissing the Appellant's petition for postconviction relief without a proper Motion for summary judgment, answer from the State without giving notice to the Petitioner, thus violating the Petitioner's due process rights under the United States of America and State of Ohio Constitution."
 {¶ 6} Initially, we must address the trial court's jurisdiction to entertain the merits of appellant's petition. The requirement that a petition for postconviction relief be filed timely is jurisdictional. R.C. 2953.23(A) ("a court may not entertain a petition filed after the expiration of the period prescribed [in R.C. 2953.21]"). Unless the petition is filed timely, the court is not permitted to consider the substantive merits of the petition. State v. Beaver (1998),131 Ohio App.3d 458, 461, 722 N.E.2d 1046 (the trial court should have summarily dismissed appellant's untimely petition without addressing the merits).
 {¶ 7} R.C. 2953.21(A)(2) requires that petitions shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal, or, if no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. Here, it is clear that appellant was significantly untimely in submitting his petition for postconviction relief and well outside the one hundred eighty day statutory requirement. The transcripts of the trial court were filed with the court of appeals for appellant's direct appeal on September 10, 1999. The latest possible date appellant could have filed his petition for postconviction relief would have been on March 8, 2000. Appellant did not file this petition until June 11, 2003; over three years after appellant's statutory time limit had expired. Therefore, R.C.2953.23, which deals with untimely filed petitions, is applicable here.
 {¶ 8} "[A] court may not entertain a petition filed after the expiration of the period prescribed * * * unless both of the following conditions apply:
 {¶ 9} "(1) Either of the following applies:
 {¶ 10} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 11} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 12} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." R.C. 2953.23(A).
 {¶ 13} In this case, appellant's petition for postconviction relief contained numerous arguments for being "unavoidably prevented from the discovery of facts" including his physical disability of being legally blind, indigency, illiteracy in the law, incarceration, and ineffective assistance of counsel at the trial. Appellant argues that all of these factors prevented him from obtaining a copy of the trial transcripts and reading the transcripts. However, these arguments are not supported by the record. Appellant filed, pro se, a motion to reopen his direct appeal which was denied on November, 20, 2002. In order to bring the motion to reopen, appellant must have had some type of access to the trial transcripts since he referenced specific testimony by witnesses and statements by the prosecutor. Additionally, in denying his motion, we observed that appellant's appellate counsel in his direct appeal was not ineffective in his handling of appellant's claims of ineffective trial counsel.
 {¶ 14} All of appellant's arguments relating to ineffective assistance of counsel found in the petition for postconviction relief consist of facts that appellant knew about at trial and failed to address. These facts are not new to appellant and all were partly addressed in appellant's motion to reopen. Therefore, the facts presented in appellant's petition for postconviction relief do not meet the statutory exception of newly discovered facts of which appellant was unavoidably prevented from discovering, which would have granted the trial court jurisdiction to consider his untimely petition.
 {¶ 15} Appellant makes the procedural argument that the trial court erred in granting plaintiff-appellee's, State of Ohio, motion for summary judgment because it was untimely.
 {¶ 16} R.C. 2953.21(D) provides:
 {¶ 17} "Within ten days after the docketing of the petition, or within any further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion. Within twenty days from the date the issues are raised, either party may move for summary judgment. The right to summary judgment shall appear on the face of the record."
 {¶ 18} Appellant filed his motion for postconviction relief on June 26, 2003. Appellee filed a motion for summary judgment on January 30, 2004. On February 10, 2004, appellant filed a brief in opposition to and a motion to strike appellee's motion for summary judgment arguing that it was untimely. On February 24, 2004, appellee filed a motion to file summary judgment instanter and attached to the motion it's original motion for summary judgment filed January 30, 2004.
 {¶ 19} "R.C. 2953.21(D), the provision setting forth the time period for the state's response, is directory rather than mandatory." State v.Sklenar (1991), 71 Ohio App.3d 444, 446, 594 N.E.2d 88. See, also,State v. Halliwell (1999), 134 Ohio App.3d 730, 736, 732 N.E.2d 405. In this case, appellee did not file its motion within the ten days. Rather, it filed its motion on January 30, 2004, and then supplemented it with a motion to file summary judgment instanter on February 24, 2004. Since appellee set forth good cause, the trial court exercised its discretion and entertained appellee's motion. Therefore, the court could properly consider appellee's motion.
 {¶ 20} Even if appellee had not shown good cause for its delay, appellant has not offered any evidence to show that his substantial rights were affected by the trial court's acceptance of appellee's motion. SeeState v. Houser, 9th Dist. No. 21555, 2003-Ohio-6811, at ¶ 5-7; Statev. Halliwell (1999), 134 Ohio App.3d, 730, 736-737, 732 N.E.2d 405. Thus, any error by the trial court would be harmless error. Id. Furthermore, since appellant's own petition for postconviction relief was untimely, any consideration of appellee's motion is harmless error because the trial court was barred by statute from addressing the merits of the petition.
 {¶ 21} Appellant makes a final and confusing procedural argument. He states that the trial court never scheduled a hearing to rule on appellee's "untimely" summary judgment motion. He then argues that even if a hearing had been properly scheduled, he was never notified of it in time to respond. This argument is meritless.
 {¶ 22} When a petition for postconviction relief is filed untimely and does not meet the exception for delay, the court lacks jurisdiction to entertain the merits of the petition or hold a hearing. State v.Halliwell (1999), 134 Ohio App.3d 730, 734, 732 N.E.2d 405; State v.Bird (2000), 138 Ohio App.3d 400, 408, 741 N.E.2d 560. Furthermore, "[i]t is well established that postconviction relief petitions are subject to dismissal without a hearing if the petition and the supporting evidentiary documents do not contain sufficient operative facts which, if true, would establish substantive grounds for relief." State v.Apanovitch (1996), 113 Ohio App.3d 591, 597, 681 N.E.2d 961, citingState v. Sowell (1991), 73 Ohio App.3d 672, 682, 598 N.E.2d 136.
 {¶ 23} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 24} The judgment of the trial court is hereby affirmed.
Waite, J., concurs DeGenaro, J., concurs
[1] The docket sheet indicates that the trial transcripts were filed on September 10, 1999 with the court of appeals. However, this nine-day discrepancy is not outcome determinative of this appeal.