[Cite as *State v. Stores*, 2013-Ohio-4361.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 12 MA 174 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| ANDRE STORES, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
Court, Case No. 95 CR 465.


JUDGMENT:        Affirmed.


APPEARANCES:
For Plaintiff-Appellee:        Attorney Paul J. Gains
Prosecuting Attorney
Attorney Ralph M. Rivera
Assistant Prosecuting Attorney
21 W. Boardman St., 6th Floor
Youngstown, OH 44503

For Defendant-Appellant:        Andre Stores, Pro-se
#314-976
Marion Correctional Inst.
P.O. Box 57
Marion, OH 43302


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite


Dated: September 25, 2013

DeGenaro, P.J.

{¶1} Defendant-Appellant, Andre E. Stores, appeals pro-se from the September 6, 2012, judgment of the Mahoning County Court of Common Pleas denying his August 27, 2012 motion for resentencing from his 1996 conviction. Stores' arguments are meritless. First, Stores' motion is properly considered a post-conviction petition, and was treated by the trial court as such. Second, Stores untimely filed his petition and gave no reason for the delay warranting dismissal on this basis. Finally, Stores' petition is additionally barred by the doctrine of res judicata; the argument regarding merger of the firearm specifications could have been raised in his direct appeal. Accordingly, the decision of the trial court is affirmed.

## Facts and Procedural History

{¶2} On January 12, 1996, a jury found Stores guilty of complicity to commit aggravated burglary, complicity to commit aggravated robbery, and complicity to commit kidnapping, all with accompanying firearm specifications. Stores' conviction was affirmed, *State v. Stores (Stores I)*, 7th Dist. Mahoning No. 96 CA 24, 1999 WL 167862 (Mar. 22, 1999), and his application for reopening was denied. *State v. Stores (Stores II)*, 7th Dist. Mahoning No. 96 CA 24, 2001 WL 275198 (Mar. 16, 2001).

{¶3} On August 27, 2012, Stores filed a motion for resentencing pursuant to R.C. 2941.25 arguing that the record was unclear as to whether his sentence on the three firearm specifications was to be served concurrently or consecutively. He further argued that if the firearm specifications were ordered to be served consecutively then they should have been merged under Ohio law. The State moved to dismiss arguing that Stores' motion must be construed as a post-conviction petition, was untimely filed pursuant to R.C. 2953.21, and barred by res judicata. On September 6, 2012, the trial court dismissed Stores' motion finding that the same was untimely filed and his claims were barred by the doctrine of res judicata.

## Untimely Post-Conviction Petition

{¶4} In his sole assignment of error, Stores asserts:

{¶5} "Did the Trial Court commit Plain Error pursuant to Crim.R. 52(b) by Sentencing Appellant to more than one term of Firearm specification that all arose out of

the same incident."

{¶6} Where a criminal defendant, subsequent to his direct appeal, files a motion seeking vacation or correction of his sentence on the basis that his constitutional rights have been violated, such motion is construed as a petition for post-conviction relief as defined in R.C. 2953.21. *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131, syllabus (1997). Moreover, where a defendant appeals his conviction, the petition must be filed within one hundred eighty days from the date on which the trial transcript is filed in the court of appeals on the direct appeal. R.C. 2953.21(A)(2). Finally, a trial court's decision that a petition is untimely renders unnecessary any further inquiry into its merits. *State v Bryan,*7th Dist. Mahoning No. 04 MA 109, 2005-Ohio-5054, ¶6.

{¶7} To be afforded delayed relief, the petitioner must demonstrate either that he was unavoidably prevented from discovering facts upon which the petition is based upon, or that the petition raises a new federal or state right recognized by the United States Supreme Court that applies retroactively to the petitioner. *State v. Hill*, 129 Ohio App.3d 658, 661, 718 N.E.2d 978 (1st Dist.). In addition to one of these two factors, the petitioner must show by clear and convincing evidence that, but for the constitutional error, no reasonable trier of fact would have found him guilty of the offense for which he was convicted. *Id.*

{¶8} The record reflects that Stores' motion was filed long after the expiration of the 180-day period, and he offers no reasoning for the delay in filing. The trial court correctly treated the motion as a delayed petition for post-conviction relief, found it was untimely, and thus without jurisdiction to consider the merits of Stores' claim. Accordingly, this argument is meritless.

### Res Judicata

{¶9} Although Stores' petition was untimely, making merit determination unnecessary, *Bryan,* supra, the trial court additionally rejected the petition on the basis of res judicata, finding that Stores' merger argument should have been raised in *Stores I,* his direct appeal*.*

{¶10} Under the doctrine of res judicata, a final judgment of conviction bars the

defendant from raising and litigating in any proceeding, except a direct appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at trial which resulted in that judgment of conviction or in a direct appeal from that judgment. *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). Conversely, issues properly raised in a post-conviction petition are those which could not have been raised on direct appeal because the evidence supporting the issue is outside the record. *State v. Milanovich*, 42 Ohio St.2d 46, 50, 325 N.E.2d 540 (1975).

**{¶11}** Stores argues that his sentence on the three firearm specifications should have been merged pursuant to R.C. 2929.14 which became effective during the pendency of his appeal. Stores was convicted of three felonies and the accompanying firearm specifications on January 22, 1996. The appeal in *Stores I* was not resolved until March 22, 1999. On July 1, 1996, R.C. 2929.14 became effective which provides in pertinent part: "[a] court shall not impose more than one prison term on an offender under (D)(1)(a) of this section [which lists the various terms of actual incarceration for firearm specifications] for felonies committed as part of the same act or transaction." R.C. 2929.14(D)(1)(b).

**{¶12}** However, there was a previous analogous provision in effect at the time Stores committed the offenses and was sentenced; R.C. 2929.71, which provides:

> "If an offender is convicted of, or pleads guilty to, two or more felonies and
> two or more specifications charging him with having a firearm on or about
> his person or under his control while committing the felonies, each of the
> three-year terms of actual incarceration imposed pursuant to this section
> shall be served consecutively with * * * [the other prison terms] unless any
> of the felonies were committed as part of the same act or transaction. If
> any of the felonies were committed as part of same act or transaction, only
> one three-year term of actual incarceration shall be imposed for those
> offenses, which three-year term shall be served consecutively with [the
> other prison terms] * * *." R.C. 2929.71(B).

**{¶13}** Both statutory provisions deal with merging firearm specifications, and were available to Stores to argue on direct appeal and neither were raised in *Stores I*. The trial court correctly found that Stores was barred from raising the merger issue in his petition based upon res judicata. Accordingly, this argument is meritless.

**{¶14}** In sum, Stores' assignment of error is meritless. First, Stores' motion is properly considered a post-conviction petition, and was treated by the trial court as such. Second, Stores untimely filed his petition and gave no reason for the delay, warranting dismissal on this basis. Finally, Stores' petition is additionally barred by the doctrine of res judicata; the argument regarding merger of the firearm specifications could have been raised in his direct appeal. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Waite, J., concurs in judgment only.