[Cite as *State v. Callahan*, 2013-Ohio-5864.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.  12 MA 173 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| ADELBERT CALLAHAN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:  Criminal Appeal from Common Pleas Court, Case No. 96 CR 339(B).


JUDGMENT:  Affirmed.


APPEARANCES:
For Plaintiff-Appellee:  Attorney Paul J. Gains
Prosecuting Attorney
Attorney Ralph M. Rivera
Assistant Prosecuting Attorney
21 W. Boardman St., 6th Floor
Youngstown, OH  44503


For Defendant-Appellant:  Adelbert Callahan, Pro-se
#343-590
Marion Correctional Institution
P.O. Box 57
Marion, OH  43302


JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite


Dated:  December 19, 2013

DeGenaro, P.J.

{¶1} Defendant-Appellant, Adelbert Callahan, appeals pro-se from the August 31, 2012, judgment of the Mahoning County Court of Common Pleas denying his July 19, 2012, motion entitled "Conviction Contrary to Ohio Law (Improper bindover from juvenile to common pleas)" and memorandum in support. Callahan's arguments are meritless. Callahan's motion was a delayed petition for post-conviction relief, which was untimely because he gave no reason for the delay. Moreover, Callahan's bindover argument is barred by the doctrine of res judicata. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶2} In 1997, after a jury trial Callahan was convicted of one count of complicity to aggravated murder; two counts of complicity to attempted aggravated murder and two counts of complicity to aggravated robbery. Because the jury was hung on two aggravated murder counts, Callahan pled guilty to two counts of complicity to aggravated murder; and he was also convicted of the accompanying firearm specifications. The trial court imposed consecutive sentences totaling 103 years to life, and the judgment was affirmed in *State v. Callahan (Callahan I)*, 7th Dist. No. 97 CA 224, 2000 WL 309392 (Mar. 22, 2000).

{¶3} On July 19, 2012, Callahan filed a motion entitled "Conviction Contrary to Ohio Law (Improper bindover from juvenile to common pleas)" arguing that his bindover was improper because no mental or physical examination was performed. The State moved to dismiss contending Callahan's motion was an untimely post-conviction petition. The trial court sustained the motion.

## Untimely Post-Conviction Petition

{¶4} As a preliminary matter, we must address the procedural nature and propriety of Callahan's motion. Callahan frames his claim in constitutional terms. Specifically, that the juvenile court's failure to conduct a mental or physical exam before considering the State's motion to bind him over to be tried as an adult violated his constitutional rights. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or

her constitutional rights have been violated, such motion is construed as a petition for post-conviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus. Moreover, a defendant who appeals his conviction must file his post-conviction petition within one hundred eighty days from the date on which the trial transcript is filed in the court of appeals on the direct appeal. R.C. 2953.21(A)(2).

{¶5} However, if a defendant fails to timely file his petition, he can obtain delayed relief pursuant to R.C. 2953.23 if he can demonstrate that the petition is based upon either 1) facts that he was unavoidably prevented from discovering; or 2) a new federal or state right recognized by the United States Supreme Court that applies retroactively to his situation. *State v. Hill*, 129 Ohio App.3d 658,661, 718 N.E.2d 978 (1st Dist.1998). "In addition to one of these two factors, the petitioner must show by clear and convincing evidence that, but for the constitutional error, no reasonable trier of fact would have found him guilty of the offense for which he was convicted." *Id.* A trial court's decision that a motion for post-conviction relief is untimely renders unnecessary any further inquiry into its merits. *State v. Stores,* 7th Dist. No. 12 MA 174, 2013-Ohio-4361 citing *State v. Bryan*, 7th Dist. Mahoning No. 04 MA 109, 2005-Ohio-5054, ¶6.

{¶6} Callahan's motion was an untimely delayed petition for post-conviction relief. It was filed approximately 14 years after the trial transcript was filed in his direct appeal and he offers no reasoning as to the delay in filing or how the petition otherwise complies with R.C. 2953.23. Accordingly, the trial court's decision to dismiss Callahan's motion is affirmed.

## Res Judicata

{¶7} In his sole assignment of error, Callahan asserts:

{¶8} "Appellant argues his Bind Over was improper due to the court not holding a Mental nor a Physical examination pursuant to R.C. 2151.26, his sentence and Conviction was Void, since the Bind-Over was defective."

{¶9} Even if Callahan's delayed post-conviction petition was timely, his claims were barred by res judicata because this argument should have been raised in his direct

appeal. "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). Conversely, issues properly raised in a post-conviction petition are those which could not have been raised on direct appeal because the evidence supporting the issue is outside the record. *State v. Milanovich*, 42 Ohio St.2d 46, 50, 325 N.E.2d 540 (1975).

{¶10} Callahan argues that his conviction and sentence were void due to an improper bindover because a physical and mental examination should have been conducted pursuant to R.C. 2151.26 and *State v. Golphin*, 81 Ohio St.3d 543, 692 N.E.2d 608 (1998). The issue of improper bindover was not dependent upon evidence outside the record and could have been raised in the common pleas court or on direct appeal. Further, R.C. 2151.26 was amended effective January 1, 1996, to eliminate the requirement. *Golphin*, 81 Ohio St.3d at 546. Callahan's bindover hearing was May 10, 1996, several months after the amended version of R.C. 2151.26 took effect.

{¶11} In conclusion, Callahan's assignment of error is meritless. His motion for resentencing was a petition for post-conviction relief; it was untimely filed and Callahan has offered no reason for the delay warranting dismissal on that basis alone. Further, Callahan's petition is additionally barred by res judicata. The basis of the argument was not outside the record and thus should have been raised on direct appeal. Accordingly, the judgment of the trial court is affirmed.

Vukovich, J., concurs.

Waite, J., concurs.