[Cite as *State v. Evans*, 2014-Ohio-3229.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No.   100382

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TERRY DAVE EVANS

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-569495

**BEFORE:**   E.A. Gallagher, P.J., McCormack, J., and Stewart, J.

**RELEASED AND JOURNALIZED:**   July 24, 2014

**ATTORNEY FOR APPELLANT**

Stephen L. Miles
20800 Center Ridge Road
Suite 405
Rocky River, Ohio   44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Scott Zarzycki
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, P.J.:

{¶1}  Defendant-appellant Terry Dave Evans appeals his sentence from the Cuyahoga County Court of Common Pleas.  On appeal, Evans challenges the trial court's consecutive sentences and the court's failure to make a finding concerning appellant's competency prior to trial.  For the following reasons, we affirm in part, reverse in part, and remand.

{¶2}  Evans was convicted of two counts of felonious assault, attempted murder, kidnapping, tampering with evidence, disrupting public services and possessing criminal tools.  For the purpose of sentencing, the trial court merged the two counts of felonious assault with the attempted murder charge.  The state elected to proceed under the attempted murder charge and the trial court imposed a prison term of 11 years.  The court imposed prison terms of six years on the kidnapping count, two years for tampering with evidence, one year for disrupting public service and one year on possessing criminal tools.  The trial court ordered all terms to be served consecutively for a cumulative prison term of 21 years.

{¶3}  Evans' first assignment of error states:

The trial court erred by sentencing the appellant to consecutive sentences.

{¶4}  Evans' argues that the trial court erred by imposing consecutive sentences without making the necessary factual findings as required by R.C. 2929.14(C)(4).  R.C. 2929.14(C)(4) authorizes the court to require an offender to serve multiple prison terms consecutively for convictions on multiple offenses. Consecutive sentences can be imposed if the court finds that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the

offender poses to the public.    In addition to these two factors, the court must find any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶5} A review of the record reveals that the trial court did not make a finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The proper remedy for correcting an error during imposition of consecutive sentences is a limited remand for the purpose of determining whether consecutive sentences should be imposed. *See State v. Dodson*, 8th Dist. Cuyahoga No. 98521, 2013-Ohio-1344; *State v. Ross*, 8th Dist. Cuyahoga No. 98763, 2013-Ohio-3130; *State v. Walker*, 8th Dist. Cuyahoga No. 97648, 2012-Ohio-4274.    Accordingly, the trial court's judgment sentencing Evans to consecutive terms of imprisonment is reversed.

{¶6} Evans' first assignment of error is sustained.

{¶7} Evans' second assignment of error states:

The trial court erred by failing to make a finding concerning the appellant's competency prior to trial.

**{¶8}** Under Ohio law,

a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial. The conviction of an accused while he is not legally competent to stand trial violates due process of law.

(Citations omitted.) *State v. Rubenstein*, 40 Ohio App.3d 57, 60, 531 N.E.2d 732 (8th Dist.1987).

**{¶9}** R.C. 2945.37(B) provides that the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue within 30 days after the issue is raised, unless the defendant has been referred for evaluation, in which case the court shall conduct the hearing within ten days after the filing of the report of the evaluation. R.C. 2945.37(C).

**{¶10}** This court, however, has held that, "[t]he competency issue is one that can be waived by the parties. A hearing is not required in all situations, only those where the competency issue is raised and maintained." *State v. Smith*, 8th Dist. Cuyahoga No. 95505, 2011-Ohio-2400, ¶ 5. In *Smith*, we held that where a defendant stipulates to competency, a trial court need not hold a hearing pursuant to R.C. 2945.37(B) because a hearing is only needed to introduce evidence rebutting the presumption of competency established in R.C. 2945.37(G). *Id.* at ¶ 6.

**{¶11}** In the case sub judice, the record reveals that the trial court did in fact hold a hearing on the issue of competency on June 17, 2013. The court, at that time, noted that it had received a competency report wherein the doctor opined that Evans was both competent to stand trial and sane at the time of the act. When the trial court asked Evans' lawyer if he stipulated to the findings, he agreed. The state further stipulated to the report's conclusion. By stipulating to the competency report, appellant failed to maintain the competency issue and further action by the trial court was not required.

**{¶12}** Evans' second assignment of error is overruled.

**{¶13}** The judgment of the trial court is affirmed in part and reversed in part. Case remanded for the limited purpose of determining whether consecutive sentences are proper, and if so, to make the required findings on the record.

It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN A. GALLAGHER, PRESIDING JUDGE

TIM McCORMACK, J., and
MELODY J. STEWART, J., CONCUR