[Cite as *State v. Evans*, 2015-Ohio-3878.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102215**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# TERRY DAVE EVANS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-569495-A

**BEFORE:** McCormack, J., E.A. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 24, 2015

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

John T. Martin
Assistant Public Defender
310 Lakeside Ave.
Suite 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Scott Zarzycki
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Terry Dave Evans, appeals from a judgment of the trial court that resentenced him to a prison term of 21 years upon a remand from this court in his direct appeal. For the following reasons, we affirm the trial court's judgment.

## Background

{¶2} After a jury trial, Evans was convicted of two counts of felonious assault, attempted murder, kidnapping, tampering with evidence, disrupting public services, and possessing criminal tools. The trial court merged the two counts of felonious assault with the attempted murder charge. The state elected to proceed under the attempted murder charge, and the court imposed a prison term of 11 years for that count. The court also imposed six years on the kidnapping, two years for tampering with evidence, one year for disrupting public service, and one year on possessing criminal tools. The trial court ordered all terms to be served consecutively, for a cumulative prison term of 21 years.

{¶3} On his direct appeal, Evans assigned two errors for this court's review. He claimed the trial court erred in failing to make a finding concerning his competency prior to trial. This court rejected that claim, noting a hearing on the issue of competency was held by

the trial court, during which Evans's counsel stipulated to the competency report, which had found Evans competent.

{¶4} In his direct appeal, Evans also claimed the trial court erred in imposing consecutive sentences without making the requisite statutory findings. This court agreed, determining that the trial court did not make the necessary finding that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public. This court reversed his consecutive sentences and remanded the case for the limited purpose of determining whether consecutive sentences were proper and, if so, to make the required findings on the record. *State v. Evans*, 8th Dist. Cuyahoga No. 100382, 2014-Ohio-3229, ¶ 13.

{¶5} On remand, the trial court held a hearing resentencing Evans. The trial court incorporated the findings made at the original sentencing hearing and made the additional finding that consecutive sentences were not disproportionate to the seriousness of his conduct and the danger he posed to the public. The court noted the brutal and horrific manner Evans treated his victim — choking, stabbing, and pouring chlorine all over her. The court again sentenced him to consecutive sentences totaling 21 years. Evans now appeals from his resentencing.

{¶6} Evans assigns one error for our review. For the first time, he raises the issue of merger of allied offenses. He claims the trial court erred in imposing separate sentences for the allied offenses of attempted murder and kidnapping.

## Res Judicata

{¶7} Res judicata bars Evans's claim.

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997), citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), syllabus.

{¶8} This court has consistently held that the proper time to raise the issue of allied offenses is through the direct appeal. *State v. Davis*, 8th Dist. Cuyahoga No. 96908, 2012-Ohio-1635; *State v. Flagg*, 8th Dist. Cuyahoga Nos. 95958 and 95986, 2011-Ohio-5386; *State v. Padgett*, 8th Dist. Cuyahoga No. 95065, 2011-Ohio-1927; *State v. Poole*, 8th Dist. Cuyahoga No. 94759, 2011-Ohio-716; *State v. Ballou*, 8th Dist. Cuyahoga No. 95733, 2011-Ohio-2925. A defendant is required to raise the allied offenses issue on direct appeal, or else res judicata bars a subsequent attempt to raise the issue. *Davis*; *State v. Goldsmith*, 8th Dist. Cuyahoga No. 95073, 2011-Ohio-840; *State v. Rodriquez*, 8th Dist. Cuyahoga No. 95055, 2010-Ohio-

4902.  Evans could have raised the allied-offenses issue in his direct appeal but did not.  The issue is now barred.

{¶9}  We note, as an aside, that *even if* Evans had raised the allied-offense issue on his direct appeal, his claim would not have been successful.  A defendant's failure to raise the allied-offense issue at the time of sentencing forfeits all but plain error on appeal.  *State v. Comen*, 50 Ohio St.3d 206, 211, 553 N.E.2d 640 (1990). This principle of law was recently affirmed by the Supreme of Ohio in *State v. Rogers*, Slip Opinion No. 2015-Ohio-2459.  To demonstrate plain error on direct appeal, the defendant would be required to demonstrate an "obvious" error on the record and show that the error has affected substantial rights, i.e., affected the outcome of the proceedings.  *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).  Evans made no attempt in his direct appeal to demonstrate that attempted murder and kidnapping were allied offenses, and we note that, even though he raises the issue belatedly in this appeal, he still has not made such a demonstration.

{¶10} Appellant's sole assignment of error is overruled.

{¶11} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR