[Cite as *State v. Williams*, 2018-Ohio-688.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105873**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DONALD RAY WILLIAMS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-94-315917-ZA

**BEFORE:** S. Gallagher, J., McCormack, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** February 22, 2018

**ATTORNEY FOR APPELLANT**

Paul A. Mancino, Jr.
Mancino, Mancino & Mancino
75 Public Square Building, Suite 1016
Cleveland, Ohio   44113-2098


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Amy Venesile
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113



SEAN C. GALLAGHER, J.:

{¶1}   Appellant Donald Ray Williams appeals the trial court's decision that denied his "motion to vacate void judgment."   Upon review, we affirm the decision of the trial court.

{¶2} On October 26, 1995, appellant was convicted following a jury trial on one count of murder (R.C. 2903.01) with a firearm specification and two counts of having a weapon while under disability (R.C. 2923.13) with firearm and violence specifications.   The trial court sentenced appellant as follows:

ON COUNT 1; 3 YEARS ACTUAL FOR FIREARM SPECS., 15 YEARS TO LIFE FOR MURDER, 3 YEARS ACTUAL TO BE SERVED BEFORE COMMENCEMENT OF 15 YEARS TO LIFE SENTENCE. COUNT 2; 3 YEARS ACTUAL FOR GUN SPECS. 3 YEARS TO 5 YEARS SENTENCE ON WEAPON DISABILITY CONSECUTIVE WITH COUNT 1; SENTENCE ON

COUNT 3 MERGED WITH COUNT 2; TO BE SERVED CONSECUTIVE WITH SENTENCE IN FEDERAL COURT. PAY COSTS.

{¶3} Appellant's convictions were affirmed on appeal in *State v. Williams*, 8th Dist. Cuyahoga No. 69936, 1996 Ohio App. LEXIS 4796 (Oct. 31, 1996). Subsequent motions brought by appellant were denied.

{¶4} On March 22, 2017, appellant filed a "motion to vacate void judgment." Appellant made a blanket argument that "the journal entry of sentencing does not appear to conform to [Crim.R. 32(B)]." He further claimed that the trial court violated former R.C. 2929.71(B) when it imposed consecutive sentences for the firearm specifications, which he asserted involved the same firearm and arose out of the same transaction. In addition, he claimed he was sentenced for allied offenses of similar import in violation of R.C. 2941.25.

{¶5} On May 10, 2017, the trial court denied appellant's motion. In its journal entry, the trial court stated as follows:

> Defendant's motion to vacate void judgment is denied. Defendant's motion is, in essence, [a] petition for post conviction relief under [R.C.] 2953.21 * * *. Defendant's petition for relief is untimely and otherwise barred by res judicata.

{¶6} Appellant filed this appeal from the trial court's decision. He raises two assignments of error for our review.

{¶7} Under his first assignment of error, appellant claims he was denied due process of law because "the [trial] court failed to recognize that the sentencing entry did not conform to the law." Appellant makes a blanket assertion that the judgment of conviction did not conform with Crim.R. 32(B). This argument may be disregarded because appellant failed to identify any deficiency in the court's journal entry. Furthermore, our review of the entry does not reflect any failure to conform with Crim.R. 32(B). Appellant's first assignment of error is overruled.

**{¶8}** Under his second assignment of error, appellant asserts he was denied due process of law because the court "misnamed defendant's motion as an untimely postconviction petition." Appellant contends that a challenge to a void judgment and sentence may be raised at any time, yet he fails to raise a challenge that would render the sentence void.

**{¶9}** Where a sentence imposed on an individual is void, that individual may challenge the void portions of the sentence at any time. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 22. Appellant claims the trial court violated former R.C. 2929.71(B) by imposing consecutive sentences on the firearm specifications, which he claims involved the same firearm and arose out of the same transaction. Former R.C. 2929.71(B), which was in effect at the time of appellant's conviction, provided as follows:

> If an offender is convicted of, or pleads guilty to, two or more felonies and two or more specifications charging him with having a firearm on or about his person or under his control while committing the felonies, each of the three-year terms of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed pursuant to section 2907.02, 2907.12, 2929.02, or 2929.11 of the Revised Code, unless any of the felonies were committed as part of the same act or transaction. *If any of the felonies were committed as part of the same act or transaction, only one three-year term of actual incarceration shall be imposed for those offenses*, which three-year term shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed pursuant to section 2907.02, 2907.12, 2929.11 of the Revised Code.

(Emphasis added.)

**{¶10}** "[A] violation of [former] R.C. 2929.71(B) does not result in a void sentence on a firearm specification and any violation of this statute would render that part of the sentence merely voidable and thus subject to res judicata principles and the time requirements for post-conviction petitions." *State v. McCall*, 7th Dist. Mahoning No. 12 MA 57, 2012-Ohio-5604, ¶ 23. Thus, this argument could have been raised on direct appeal and is subject to res judicata. *See State v. Stores*, 7th Dist. Mahoning No. 12 MA 174, 2013-Ohio-4361, ¶ 13.

**{¶11}** Appellant also argues he was sentenced for allied offenses of similar import in violation of R.C. 2941.25. However, "the trial court's failure to find that the offender has been convicted of allied offenses of similar import, even if erroneous, does not render the sentence void." *Williams* at ¶ 24. Further, "when a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied * * *, any error must be asserted in a timely appeal or it will be barred by principles of res judicata." *Id*. at ¶ 26; *see also State v. Evans*, 8th Dist. Cuyahoga No. 102215, 2015-Ohio-3878, ¶ 8.

**{¶12}** Upon our review, we find the trial court correctly construed appellant's motion as a petition for postconviction relief under R.C. 2953.21 and found it was untimely and otherwise barred by res judicata. Appellant's second assignment of error is overruled.

**{¶13}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

TIM McCORMACK, P.J., and
MARY J. BOYLE, J., CONCUR